Miller, J.
I. The appellant makes the point and insists upon it, that, “ where the husband and wife unite in the execution of a deed, with covenants of warranty, in the sale of their homestead, and the property is subsequently found to be-incumbered with taxes, the wife is equally liable with the husband on such warranty.”
It is not necessary that we should determine this question, for, by an examination of the defendant’s pleading, it clearly appears that his set-off is not founded upon any breach of the covenants of the deed. The gravamen of appellant’s set-off is the false and fraudulent representations of William Stannus, whereby appellant wasy induced to accept a deed with covenants of warranty, exc&ptmg tarns. 'No breach of covenant is averred, nor is it alleged that the plaintiff was a party to the false representations, or had knowledge that any were made. The cause of action, as stated by defendant in his answer, is against William Stan-nus alone.
II. It is insisted, in the second place, that' the note sued on was and is the property of William Stannus, who is the real party in interest, and that therefore the defendant’s claim against said William Stannus may be set off against the note in plaintiff’s hands. By the judgment of the court below, it was found that the note was the property of the plaintiff, and whatever might be our conclusion on this fact, were it an original question here, we are of opinion that the evidence sufficiently sustains the finding of the court below.
The note was made payable to the plaintiff, thereby creating the presumption, in the first instance, that it was her property. She testified that a part of the property for which the note was given was hers; that her husband gave *443 her the balance of the note for her support in his absence. The defendant treated the note as belonging to the plaintiff, by making three several payments thereon to her, two of which were made after the time when he says he discovered that the property had been sold for taxes; and so far as appears from the evidence, these payments were made by him to the plaintiff without objection or protest.
"Whether the consideration for which the note was executed was the property of William Stannus, or that of the plaintiff, the facts of the ease show that the title of the note was transferred and vested in the plaintiff.
The claim pleaded by the appellant, in his answer as a set-off, is an independent cause of action against "William Stannus, in nowise connected with the note. A set-off against the payee of a promissory note cannot be pleaded in an action by an assignee or indorsee thereof, even where it is transferred after maturity. Such note would be subject to any defense thereto arising out of any equities between the original parties, attaching to the note, but not to a set-off, though existing at the time the note was negotiated. Shipman v. Robbins, 10 Iowa, 208; Lewis v. Denton, 13 id. 441; Ryan & Loutham v. Chew, id. 589 ; Way v. Lamb, 15 id. 79.
"While the claim of the appellant would’be a good cause of action against William Stannus, it cannot be made available in this action on a promissory note made payable to the plaintiff, and in fact her property.
The judgment of the circuit court is
Affirmed.