RICHARDS v. DAILY.

1. Promissory note: DEFENSES. In an action by the indorsee of a promissory note received after maturity, the maker cannot plead a set-off existing in his favor against the payee and growing out of a transaction not-connected with the note. The holder, in such case, takes it discharged of all independent matters, and subject to such equities only as inhere in or are connected with the note itself. Section 2760 of the Revision applies to non-negotiable choses in action, and does not change the foregoing rule.

2. —— But it *seems* that said section, 2760, would apply where a negotiable note was transferred, after maturity, by mere delivery.

*Appeal from Mahaska District Court.*

THURSDAY, JULY 25.

ACTION upon two promissory notes, executed by S. D. Daily, payable to B. Roop *or bearer*, dated October 6, 1862, due one and two years from date, and each for the sum of $200, and assigned after maturity, as is alleged, as follows: " I hereby sign the within to A. P. Richards, for value received. Benjamin Roop."

To this petition the defendant answered that the said notes were transferred to plaintiff by the payee thereof, Roop, long after the same became due, and that said Roop is now indebted to defendant in about the sum of $300, being the amount paid by defendant to one William S. Dart for B. Roop, at his special instance and request, about the 27th of May, 1870, and that the said notes were trans-

ferred by Roop to plaintiff as collateral security for the sum of $700, and are now held by said plaintiff as such collateral security.

To this answer the plaintiff demurred, for the reason that it constitutes no defense to plaintiff's cause of action that the notes were held as collateral security, and defendant cannot set up an offset, growing out of an independent transaction and not connected with the note. This demurrer was overruled, and the plaintiff filed a reply.

Upon the trial, the only testimony introduced was that of the defendant, S. D. Daily, who stated that the offset, mentioned in defendant's answer, of the note of B. Roop, D. Roop, and S. D. Daily of $222 and interest, was paid by defendant for B. Roop, who was the principal, and S. D. Daily security, and was held as a subsisting offset by defendant, at the time of the transfer of the notes sued on to plaintiff by Roop. Plaintiff objected to this evidence for the reason that the offset of defendant could not be established against the notes sued on. The objection was overruled, and plaintiff excepted. Judgment was rendered for plaintiff for the sum of $490.40, the amount of the notes, less the set-off pleaded. Plaintiff appeals and assigns as error the overruling of the demurrer, the admission of the evidence objected to, and the allowing of the offset.

*Lacey & Shepherd* for the appellant.

*Davenport & Bolton* and *Fisher* for the appellee.

DAY, J. — The plaintiff, by his reply, is precluded from having a review of the ruling of the court upon the demurrer, but the same question is saved by the exception to the admission of the testimony of defendant.

Section 1794 of the Revision provides that: "Notes in writing, made and signed by any person promising to pay to another person or his order, or bearer, or to bearer only, any sum of money, are negotiable by indorsement or delivery

in the same manner as inland bills of exchange, according to the custom of merchants." If the note is payable to order it is negotiable by indorsement; if to bearer, by delivery. *Younker* v. *Martin*, 18 Iowa, 143. And the holder of such note, transferred as above stated, *after maturity*, takes it subject to all equities arising out of the note itself, such as payment, want of consideration, or fraud, but not subject to any independent set-off. This doctrine is elementary. And this rule is not affected by section 2760 of the Revision, which applies to the assignee of a chose in action, and provides that a suit in his own name, which at common law he could not maintain, shall be without prejudice to any set-off or other defense, existing before notice of the assignment. The notes sued on are payable to B. Roop or bearer. If they had been passed to plaintiff by mere delivery, without any writing, after maturity, they would not have been subject, in his hands, to the set-off pleaded, which is an independent cause of action existing in favor of the maker against the payee, having no reference whatever to the notes in question. Now are the rights of the plaintiff abridged by the fact that the notes were transferred by a formal written assignment, and not by mere delivery? We know of no principle of law or reason why this should be so. The written assignment merely gives formal expression to what the law, by the mere delivery of paper payable to bearer, implies, to wit: An intention to vest in the holder the absolute ownership. And if the law gives effect to this unexpressed intention, so far as to vest in the holder a title unincumbered with rights of mere set-off, why should not the expressed intention have equal effect?

Had the paper been a non-negotiable chose in action, so that the simple delivery thereof would have conferred upon the holder no right at common law to sue in his own name, the assignee, whether by mere delivery or by written assignment, would take it subject to the set-off or other defenses

mentioned in section 2760. And the same is true of a negotiable note payable to order, and transferred by delivery, after maturity. It would seem, under said section, that the holder of a note, payable to order transferred by delivery before maturity, takes it discharged of all independent set-offs, and liable only to such equities as inhere in the note itself. From the views above expressed it follows that the court erred in holding the notes in plaintiff's hands subject to the set-off interposed.

Reversed.