Hakes v. Myrick et al.

1. **Agent:** ACTS IN EXCESS OF AUTHORITY: PRINCIPAL NOT BOUND BY: ILLUSTRATION. Where one was invested with the powers of a general agent for the purpose of managing the principal's real estate, and he negotiated the sale of a portion of the property, which was consummated by a deed from the principal and a note and mortgage back for a part of the purchase money, and the note and mortgage were left in his hands for collection, *held* that as to them he was only a special agent, (see cases cited,) and that an exchange of the note for the unsecured note of another party, and a release of the mortgage, were without authority, and did not bind the principal.

2. ——: ——: IMPLIED RATIFICATION. A principal cannot be held to ratify an unauthorized act of an agent by delay in repudiating it, if he repudiates it with reasonable promptness after he is informed of it.

3. ——: ——: APPROPRIATION BY PRINCIPAL OF BENEFITS: ESTOPPEL. A principal who accepts and retains the beneficial results of a contract made by his agent is estopped from denying the authority of the agent to make it; (see cases cited;) but the facts of this case (see opinion) do not bring it within the rule.

4. ——: STATEMENTS NOT CONNECTED WITH AGENCY: PRINCIPAL NOT BOUND BY. The principal is bound by the statements and representations of his agent which are made while he is engaged in the business of his agency, and which relate thereto; (see cases cited) but the statements of the agent in this case (see opinion) were not of that character.

*Appeal from Jones District Court.*

THURSDAY, JUNE 17.

ACTION in equity for the foreclosure of a mortgage. It is alleged in the petition that on the fifteenth day of July, 1881, plaintiff sold and conveyed certain real estate to S. B. Ireland, who gave his promissory note for $400 of the purchase price thereof, and to secure the same gave a mortgage on the premises; also that said note and mortgage, although they were still the property of plaintiff, and had never been assigned or transferred by him, had been wrongfully delivered to H. L. Ireland, who now holds possession of the same. It

is also alleged that Charles T. and Theresa P. Myrick claim some interest in the property, but that their interest therein is junior and inferior to plaintiff's mortgage. H. L. Ireland and the Myricks are joined as defendants, but S. B. Ireland is not made a party. The relief demanded is that H. L. Ireland be required to surrender the note and mortgage to plaintiff; that the amount of the indebtedness be ascertained; that the mortgage be adjudged to be a lien upon the premises superior to the claim of the Myricks; and that the same be foreclosed, and the property sold for the satisfaction of the mortgage debt. The district court entered judgment for plaintiff in accordance with the prayer of the petition. Defendants appealed.

*Remley & Ercanbrack*, for appellants.

*Keeler & Bush*, for appellee.

REED, J.—There is but little controversy as to the facts of this case. In the year 1877, D. M. Hakes was indebted to

1. AGENT: acts in excess of authority: principal not bound by: illustration.

plaintiff in about the sum of $2,000, and, for the purpose of securing such indebtedness, he conveyed to plaintiff a number of tracts of real estate, situated in Jones county, and among them the tract in question. The conveyance was in form an absolute deed, but there was a parol agreement between the parties that the proceeds of the property, as it should be sold, should be applied in satisfaction of the debt, and that, if any portion of it should remain undisposed of when the indebtedness should be extinguished, plaintiff would re-convey the same to D. M. Hakes. Plaintiff is a resident of the state of New York, and he appointed D. M. Hakes (who resides at Anamosa) his agent to collect the rents of the property, to make the necessary repairs and improvements on the property, and pay the taxes thereon. The agent has collected the rents accruing on such of the property as has been leased

to other parties, and has expended the money so collected in paying taxes and making repairs and improvements on the property. He has occupied one of the tracts of property continuously, since the conveyance to plaintiff, as a residence and place of business. A new building, costing about $2,000, has been erected on this property since the conveyance. The cost of this building was paid with money which was borrowed for that purpose. The negotiation for the loan was conducted by D. M. Hakes, or an attorney employed by him; but the loan was made with plaintiff's knowledge, and he gave his notes for the amount, and secured the same by a mortgage on the premises. D. M. Hakes superintended the work of erecting the building, and has occupied and used it since its completion, but has not paid any rent therefor. In 1881, the property in question was sold to S. B. Ireland. The negotiation for the sale was carried on by D. M. Hakes, but Ireland knew at the time that the title to the property was in plaintiff, and he received a conveyance from him, and executed to him his promissory note for a portion of the purchase price, and a mortgage on the premises securing the same. This note and mortgage were left in the hands of D. M. Hakes, who had authority to collect the same at maturity.

In 1883, S. B. Ireland sold the property to H. L. Ireland. This sale was made with the knowledge of D. M. Hakes, and he agreed, as an inducement to H. L. Ireland to make the purchase, that he would release the mortgage given by S. B. Ireland on the property, and accept his (H. L. Ireland's) note for the amount of the purchase price due from S. B. Ireland, and surrender the promissory note given by the latter therefor; and he accordingly did surrender said note to H. L. Ireland, and accept his note in lieu thereof. He also entered satisfaction of the mortgage on the margin of the record thereof, signing the entry as agent for plaintiff. At the time of this transaction, H. L. Ireland paid to him in cash the the amount of the interest on the S. B. Ireland note up to that date. The note was not then due, but it bore interest

from date, and the interest was payable annually. A few days after this transaction H. L. Ireland sold the property to the defendant C. T. Myrick. Before making the purchase, Myrick inquired of D. M. Hakes whether the S. B. Ireland mortgage was satisfied, and was informed by him that it was fully satisfied, and that he had canceled it of record. Some months after the sale to Myrick, H. L. Ireland executed to plaintiff a conveyance of a certain other tract of land. This conveyance was executed in pursuance of an agreement between Ireland and D. M. Hakes. It was delivered to the latter, and he entered a credit of $225 on the H. L. Ireland notes, that being the amount at which he agreed to take the real estate.

Plaintiff was not informed of the surrender of the S. B. Ireland note, and the cancellation of the mortgage given to secure it, or of the execution of the conveyance from H. L. Ireland, and the entry of the credit on the note given by him, until a short time before the institution of this suit. One of the other tracts of real estate conveyed to plaintiff by D. M. Hakes has since been sold. The negotiations for the sale were carried on by D. M. Hakes, but the money received from the purchaser was paid over to plaintiff, and the sale was made with his knowledge and consent.

The question in the case is whether the act of D. M. Hakes, in surrendering the S. B. Ireland note, and canceling the mortgage given to secure it, is binding on plaintiff. It is not shown by any evidence in the record that the power to do that particular act was ever expressly conferred upon him by plaintiff. It is contended, however, that the evidence with reference to the manner in which he was permitted by plaintiff to transact the business intrusted to him shows that he was clothed with the powers of a general agent, and that he had discretion to make whatever terms he chose on the settlement of the business. It is probably true that he was in some sense a general agent for plaintiff. He was empowered to make such repairs and improvements of the property as

Hakes v. Myrick et al.

he thought proper. He was also empowered to lease it; and he was permitted to contract for the erection of the building which was erected on the property that he continued to occupy, and to expend the money which was borrowed for that purpose, and to superintend the work of erecting it. With reference to these matters, the presumption in favor of one who contracted with him, in ignorance of any limitations upon his power, would be that he had discretionary power to make whatever contracts or engagements he chose to enter into; and plaintiff would be bound by his contracts and engagements with reference to them, even though made in violation of his instructions.

But the principal is bound by the unauthorized contracts or engagements of a general agent only when they are entered into within the apparent scope of his authority or employment, (1 Pars. Cont., 42, 43;) and it seems to us that the act in question is not of that character. The general authority of the agent related to the property which he conveyed to plaintiff. When the particular property in question was sold to S. B. Ireland, his powers with reference to it were at an end. He no longer had any authority or power to bind plaintiff by any contract with reference to it. When the note and mortgage which were given for a portion of the purchase price were placed in his hands he was empowered to do but a single act with reference to them, viz., to receive and transmit to plaintiff the money due thereon whenever it should be paid. But this act in no manner pertained to his general agency. It did not relate to his general employment. When he assumed to surrender the note and mortgage, and accept the note of H. L. Ireland in payment of the debt, he did not pretend to act under the authority conferred upon him to contract with reference to the property, but assumed to act under the special authority conferred upon him to collect the debt. As to that transaction he was a special agent, clothed with limited powers, and the act was clearly in excess of his authority. See *McCarver v. Nealey*, 1 G. Greene,

360; *Graydon v. Patterson*, 13 Iowa, 256; *Drain v. Doggett*, 41 Id., 682.

II. It is insisted, however, that owing to the length of time which was permitted to elapse between the act of the

2. —— : ——: agent and the bringing of this suit (which is the implied ratification. only act of plaintiff by which he repudiated the transaction) he should now be held to have ratified the contract. The note was surrendered and the mortgage canceled in January, 1883, and this suit was instituted in October, 1884. If this delay had been with knowledge on the part of plaintiff of the transaction, he might well be held to have acquiesced in it. But the evidence shows that he was not informed of the transaction until a short time before the institution of the suit, and that when informed of it he at once directed the suit to be brought. He could not repudiate the act until it came to his knowledge, and we think he acted with reasonable promptness in repudiating it when he was informed of it.

III. Neither the note which H. L. Ireland delivered to D. M. Hakes at the time the mortgage was canceled, nor the

3. —— : ——: money which he then paid to him as interest on appropriation by principal of benefits: estoppel. the S. B. Ireland note, has ever been returned to him; nor has the real estate which he subsequently conveyed to plaintiff, and for which the credit of $225 was entered up on his note, ever been re-conveyed to him; and counsel for defendants contend that plaintiff is estopped by these facts from now asserting a lien upon the premises. The rule undoubtedly is that the principal who accepts and retains the beneficial results of a contract made by his agent is estopped from denying the authority of the agent to make it. 1 Pars. Cont., 50, 51; *Eadie v. Ashbaugh*, 44 Iowa, 519; *Chamberlain v. Collinson*, 45 Id., 429.

The facts of the present case, however, do not bring it within the operation of this rule. Plaintiff has never received either the money or the note. They were delivered to D. M. Hakes, and he still retains them; but, as he had no

authority from plaintiff to receive them, it cannot be said that they have ever been in his possession, or that he had accepted them. The conveyance of the land to plaintiff constituted no part of the transaction which he now seeks to repudiate. It was made several months after the transaction in which the S. B. Ireland note and mortgage were surrendered and canceled, and was not made in pursuance of any agreement or understanding which was entered into by the parties at that time, but was an entirely independent transaction. H. L. Ireland is entitled, doubtless, to a re-conveyance of the property on the ground that his conveyance to plaintiff was without consideration. But there is no principle of equity which requires plaintiff to make such re-conveyance before repudiating the former transaction.

IV. It is also contended that plaintiff is estopped from asserting his mortgage, as against defendant Myrick, by the statement made by his agent to the latter, before he made the purchase, that the mortgage was fully satisfied, and had been canceled of record. The principal is bound by the statements and representations of his agent which are made while he is engaged in the business of the agency, and which relate to that business. *McPherrin v. Jennings,* 66 Iowa, 622; *Morse v. Connecticut R. R. Co.,* 6 Gray, 450; Greenl. Ev., § 113. The statement in question, however, was not made while D. M. Hakes was engaged in the transaction of the business of his agency. Myrick applied to him for information on the subject, and he made the statement in answer to his inquiry. Clearly, plaintiff is not bound by the statement.

The judgment of the district court will be

AFFIRMED.

4. ——: statements not connected with agency: principal not bound by.