## S. M. Leach v. J. H. Funk, Appellant.

**Negotiable Instruments:** DEFENSES AGAINST TRANSFEREE AFTER MATURITY. A note was sold *after* maturity. Before the sale, the seller forged a similar note, and sold it to a bank, with indorsement. The payee of the genuine note paid the forged one, believing it genuine. *Held,* this payment is a defense to the genuine note. The indorser of the forged paper would be estopped to collect the genuine, after taking payment on the forgery, knowing that the intention was to pay the genuine, and his transferee after maturity is in no better position.

*Appeal from Dallas District Court.*—Hon. A. W. Wilkinson, Judge.

Thursday, April 9, 1896.

Action at law to recover the amount appearing to be due on a promissory note. An answer to the petition was filed, a demurrer thereto was sustained, and,

the defendant refusing to plead further, judgment was rendered in favor of the plaintiff for the amount of the note and costs. The defendant appeals.—*Reversed.*

*Albrook & Lundy* and *Robt. S. Barr* for appellant.

*White & Clarke* for appellee.

ROBINSON, J.—The petition alleges that on the twenty-fifth day of February, 1890, the defendant made to Copeland & Holder, his promissory note in writing; that subsequently the payee indorsed the note in blank, and transferred it to Fry Copeland; that thereafter he guaranteed and transferred it to the plaintiff, by writing on the back thereof the following: "For value received, I hereby guaranty the payment of the within note at maturity, or any time thereafter, with interest at 8 per cent. per annum until paid, waiving demand, notice of non-payment, and protest. Fry Copeland." The petition alleges that the plaintiff is the owner of the note, and that it is wholly unpaid. A copy of the note is set out, and shows that the note purports to have been signed by the defendant; that it is for the sum of two hundred and sixty-six dollars and sixty-six cents, with interest at the rate of eight per cent. per annum; and that it was due on the first day of May, 1891. Judgment for the amount of the note is demanded.

The answer admits that the defendant, on the twenty-fifth day of February, 1890, made in favor of Copeland & Holder, a note such as is set out in the petition, but avers that on the eleventh day of November, 1892, there was presented to him a note of the same character and description, indorsed "Copeland & Holder," in the handwriting of Fry Copeland, the plaintiff's assignor, and that the defendant, believing the note to be genuine, and relying on

the good faith of Copeland in indorsing it, paid it in full to the holder thereof, the First National Bank of Iowa Falls, Iowa. The answer further alleges that the defendant is unable to state whether the note thus paid, or that in suit, is the one which he actually made, but avers that one of them is a forgery, and that, if the one in suit is genuine, it was fully paid November 11, 1892, in paying the note indorsed by the plaintiff's assignor in the firm name of Copland & Holder; that Fry Copeland, by that indorsement, gave credence to the note, and, by that act and the receiving of the proceeds of the defendant's payment, was paid in full for the note defendant made, and the note in suit, if genuine, was fully paid before it was transferred to the plaintiff; and that it was so transferred long after it was due. The answer further avers that Copeland, after having indorsed the note paid to the Iowa Falls Bank, as stated, placed it upon the market, and received the benefit of the proceeds thereof, that the defendant "now says that he believes the said note to be a forgery, and that the same was a forgery, and he is entitled to and does plead the said amount thus paid as an offset and a counter-claim against plaintiff's cause of action," with interest from the date of payment. The answer denies that the plaintiff is the holder of the note in suit in good faith, denies that he has any interest in it, and avers that the action is brought in the interest of Copeland. In an amendment to the answer, it is averred that Copeland, by indorsing the two notes and placing them upon the market, when the defendant had, in fact, made but one, perpetrated a fraud upon him; that, if the note paid was a forgery, it was so cunningly forged that the defendant was deceived, and, in connection with the fact that it had been indorsed, believed that it was his genuine note, and paid it without knowledge of

the wrongful acts of Copeland, and without knowing that the note was a forgery; that by reason of the facts stated, Copeland would be estopped to recover on the note in suit; and that the plaintiff is also estopped to recover thereon. The demurrer is founded upon numerous grounds, which need not be set out at length.

I. It is the well settled rule, not disputed in this case, that a promissory note transferred after maturity, is subject in the hands of the assignee to all of the defenses which were available against it before the assignment was made. Tied. Com. Paper, section 295. Section 2546, of the Code, provides that, "in case of the assignment of a thing in action, the action by the assignee shall be without prejudice to any counter-claim, defense, or cause of action whether matured or not, if matured when plead, existing in favor of the defendant and against the assignor before notice of the assignment; but this section shall not apply to negotiable instruments transferred in good faith and upon valuable consideration before due." Promissory notes cease to be negotiable when not paid at maturity, and then fall within the provisions of the section quoted. *Downing v. Gibson*, 53 Iowa, 517 (5 N. W. Rep. 699). The demurrer in this case admits the allegations of the answer to the effect that the defendant paid to the Iowa Falls Bank the amount appearing to be due on the note which it held, under the belief that he had given it, and that such payment was made before the note in suit was transferred to the plaintiff. Therefore, if the facts pleaded would have constituted a defense to that note in the hands of Copeland, they are sufficient as a defense in this action. It appears from the pleadings that the defendant made but one note like that in controvery; that a similar one was forged, and both were indorsed by Copeland, and the forged one was treated by him as genuine; that the defendant

paid one of them with the belief that it was the one he had made; and that Copeland received the proceeds of the payment so made with knowledge, necessarily, of the belief and purpose of the defendant in in making it. If Copeland then owned both notes, he received the money, charged with the duty to apply it in paying the note which the defendant had in fact given; and, as between them, the money received operated as a payment of it. The subsequent assignment of the genuine note would not have transferred any right of action against the defendant, and no liability on his part for the forged note ever existed. If the averments of the answer are true, it follows that the plaintiff has no meritorious cause of action against the defendant.

II. The appellee criticises the answer, and claims that it does not set out facts which show that either of the notes in question was forged, and that averments which are claimed to have that effect merely plead conclusions of fact. It must be admitted that the answer is not well drawn, and it may be that it might have been successfully assailed by motion. The defendant alleges in one part of it, that he is unable to state whether the note he paid, or the one in suit was the one he actually gave, and in another part he states that the one he paid was forged, and there is serious lack of definiteness in different portions of the answer. But, taken as a whole, it shows that one of the two notes in question was forged; that the amount due on the genuine one was paid by the defendant, in good faith, after it was due, to Copeland. and that he subsequently transferred the note in suit to the plaintiff. If those are the facts, they are controlling, and show that the plaintiff is not entitled to recover. The judgment of the district court is REVERSED.