F. F. FAVILLE, Administrator of the Estate of P. Howes, Deceased, Appellant, v. LUNDVALL & COMPANY.

**Principal and Agent: LANDLORD AND TENANT.** The authority˷of an agent to make a lease does not imply an authority from his principal or principal's assignee, to cancel it.

*Appeal from Buena Vista District Court.*—HON. W. B. QUARTON, Judge.

WEDNESDAY, OCTOBER 5, 1898.

THIS action was commenced September 20, 1894, by P. Howes, since deceased, as assignee of a certain lease of real estate by L. B. Gregory, by F. F. Faville, his agent, and the defendant company, lessee, to recover ninety dollars and interest as rent from April 1 to September 30, 1894. A landlord's attachment was asked and issued. On October 23, 1894, the defendant answered in substance as follows: They admitted that they rented the premises as stated, and that under the lease there were one hundred and eight dollars due the lessor. They deny that Gregory assigned his rights under the lease to the plaintiff. They allege that they have been ready to pay the rent until after the twenty-eighth of September, 1894; that some two months previous to that time one Mills demanded the rent, and served notice on them demanding possession of the premises. They allege that they are ready and willing to pay the rent due under the lease to the party entitled to receive the same, and ask that Mills be made a party to this suit. Thereafter plaintiff died, and Faville, administrator, was substituted as party plaintiff, and on January 10, 1896, filed an amendment to the petition, alleging that since the commencement of this action the rent has accrued under the lease for the full term, and asking to recover three hundred and sixty dollars, with interest. March

25, 1896, the defendants amended their answer, alleging that, on or about the twentieth day of April, 1894, said lease was, by oral agreement with the plaintiff, or his agent or attorney, F. F. Faville, canceled, and that the defendants vacated the premises, and were released from further responsibility in connection with the lease; that at the time defendants vacated the premises there was due to the proper owner thereof one hundred and twenty dollars, which sum defendants produced in court, and asked to be discharged, with costs. Plaintiff replied, denying that there was any agreement to cancel said lease; denying that Faville, as agent for the plaintiff, had any power or authority to cancel it; and alleging that there was no consideration for such an agreement. A jury being waived, the case was tried to the court, and, C. B. Mills having dismissed his petition of intervention, $17.10 of the costs were taxed to him. On the issues joined between the plaintiff and defendants the court found with the defendants and ordered one hundred and twenty dollars held by the clerk to be paid to the plaintiff, and rendered judgment against the plaintiff for the remaining costs. Plaintiff appeals.— *Reversed.*

*M. J. Sweeley* and *F. F. Faville* for appellant.

GIVEN, J.—I. We have no argument for appellees. There was no dispute as to Faville's authority to execute the lease, but whether authorized or not, both parties recognized the lease by giving and taking possession and by paying and receiving rent under it. The defense relied upon is the alleged cancellation of the lease. The burden was on the defendant to establish that allegation, and this, we think, they failed to do. Authority to Faville to make the lease did not carry with it authority from Gregory to cancel it; much less would authority from Gregory to make the lease carry with it authority from Howes' assignee of the lessee, to cancel it. The allegation is that "the lease set out in plaintiff's petition

was by oral agreement canceled, and by agreement with the plaintiff, or his agent and attorney, F. F. Faville, the defendants vacated said premises, and were released from further responsibility in connection with the lease contract." There is not a syllable of evidence that Howes ever agreed to a cancellation of the lease or vacation of the premises, nor that he ever authorized Faville to make such an agreement. Neither is there any evidence that Gregory ever authorized such an agreement. The defendants Lundvall and Nordstrum testified to a conversation with Faville in which they asked him if he would cancel the lease, as they had a chance to rent the new building, and that he said that, if it was a favor to them, he would see that the lease was cancelled at the time they were ready to move, and that they did not pay him anything for the release. It may well be questioned whether this shows an agreement to release, but, in view of what we have said to Faville's want of authority, we think there was no evidence to sustain the allegation of a release.—*Reversed.*