W. H. VAN SCOY, Appellant, v. NATIONAL FIRE INSURANCE COMPANY, Appellee.

**INSURANCE:** Cancellation of Policy—Request for Cancellation—Effect. A written, unanswered inquiry by an insured to the insurer as to the terms on which the policy may be canceled does not, *ipso facto,* and as a matter of law, constitute a cancellation of the policy.

**INSURANCE:** Pleading—Insufficient Plea of Cancellation. A *general* statement in an answer that a policy of insurance "was canceled prior to loss" presents no issue.

*Appeal from Monona District Court.*—J. W. ANDERSON, Judge.

SEPTEMBER 30, 1921.

ACTION at law to recover upon a policy of insurance of live stock against loss by lightning. There was a directed verdict for the defendant, and plaintiff appeals.—*Reversed.*

*Prichard & Prichard,* for appellant.

*Miles W. Newby* and *Stewart & Hatfield,* for appellee.

WEAVER, J.—The plaintiff alleges that, under date of May 1, 1919, the defendant insurance company made and delivered to him a policy of insurance, indemnifying him for the full term of three years against loss by lightning of cer-tain live stock, including 16 head of horses, mules, and colts; that thereafter, in June of the same year, one of the mules so insured, and

1. INSURANCE: cancellation of policy: request for cancellation: effect.

of the value of $150, was struck and killed by lightning. He further alleges that, soon after said loss, he reported it to the defendant's local agent, who directed him to call in three neigh-bors, to view the dead animal and estimate the loss so occasioned, and said that he, the agent, would notify the defendant. Plain-tiff further alleges that he complied with the directions of the local agent and reported the result to him; that thereafter, the defendant's adjuster appeared, and, after alleged investigation, refused to recognize the loss or advise its payment, because, as he alleged, plaintiff's policy had been canceled before the killing of the mule, and plaintiff had no right of action thereon against the insurer.   Upon the case so stated, judgment is asked against defendant for $150, interest, and costs.

Answering this claim, the defendant admits the issuance of the policy sued upon, but alleges in general terms that the same had been canceled before the loss of the mule, and was not of any force or effect.   It also denies that the animal was killed by lightning.

For the trial of these issues, a jury was empaneled; and, when plaintiff had offered his evidence and rested, defendant moved for a directed verdict in its favor because of an alleged failure of proof to sustain the claim sued upon, and because the evidence showed that plaintiff's policy had been canceled before the alleged loss.   This motion was sustained, a verdict returned as directed, and judgment rendered against plaintiff for costs.

Assuming, as we must, the truth of the testimony offered by the plaintiff, the jury could properly have found therefrom that the policy was issued and delivered to him by the defendant, and that, at the same time and in consideration thereof, he made and delivered to the defendant his promissory note for the pre-mium upon said policy.   Later, and before said loss, plaintiff wrote a letter to the defendant, as follows:

"Blencoe, Iowa, June 1, 1919.

"Dear Sirs: I want to get my policy No. 467741 canceled that has just recently been taken out for three years. There has been some misunderstanding between your local agent and myself. Kindly inform me what is the best you can do. Yours truly,

"[Signed]    W. H. Van Scoy."

This letter was not answered nor its receipt acknowledged by the defendant until June 30th, a considerable time after the loss occurred, and after plaintiff had claimed the indemnity, when an attorney representing the company wrote plaintiff as follows:

"W. H. Van Scoy,

"Blencoe, Iowa.

"Dear Sir:

"The writer has before him all matters pertaining to the writing of Policy No. 467741 by the Columbia Fire Writers Agency of Omaha, Nebraska, the entire matter being turned over to me for action such as the case justifies. No particular explanation is necessary and none will be made for you are very familiar with all circumstances from the inception of this policy. It has never been placed in force and you were fully advised. There has been no liability on the part of the company and none will ever attach by reason of this policy. You have been instructed to return it so that your note might be delivered to you. In behalf of the company, we demand that the policy come forward or that you deliver same to A. O. Gray, the company's agent at Blencoe and receive your note. Our advice would be that you attend to it at once and we thank you in advance for so doing. Yours very truly,

"[Signed]    Business Men's Protective Association,
"By S. P. Jonas."

The plaintiff has never returned nor surrendered possession of the policy to the defendant, and the defendant has never surrendered nor returned to plaintiff his premium note. This

is the substance of the entire record as to the alleged cancellation of the policy.

The evidence as to the death of the mule by lightning is largely circumstantial, but it was sufficient to take that question to the jury, unless we are required to say, as a matter of law, that the policy was, in fact, canceled. Such holding is not justified by the record. It may be conceded that, under the law of this state, it was the right or privilege of the plaintiff to request or demand a cancellation of his policy at any time *on "equitable terms, and the return to the insured of any premium paid in excess of the customary short rates,"* etc. See Sections 1745 and 1758-b, Code Supplement, 1913, and Paragraph 11 of the standard form of policy for Iowa. But plaintiff's letter, addressed to the company on June 1, 1919, is obviously neither a request nor a demand for a cancellation. It does no more than express a wish to have the policy canceled, and asks to be informed of the terms on which this could be accomplished. This was a natural and proper inquiry, as preliminary or preparatory to a cancellation in fact; for the statute provides that it shall be done upon "equitable terms," and gives to the company the right to exact from plaintiff the customary short rates of premium from the date of the policy to the date of cancellation. In the regular course of business, it was then incumbent on the defendant to respond to such inquiry, stating the amount of its claim for premium earned, payment of which would entitle plaintiff to surrender his policy and have the return of his note. The most that can be said from the undisputed showing is that a cancellation was in contemplation, but was never in fact made. In many respects, the case presented is quite similar to *Conway Bros. v. Iowa H. M. Ins. Assn.*, 190 Iowa 1369, and is governed by the principles there approved.

We there held that an alleged cancellation of a policy on which suit is brought is an affirmative defense, and that:

"Unless some special matter is pleaded that did discharge the instrument and the legal liability thereon, the trial court could properly have directed a verdict in favor of the plaintiff. The cancellation of a contract must be specially pleaded as a defense. * * * Peti-

2. INSURANCE: pleading: insufficient plea of cancellation.

tion or answer must allege facts upon which the pleader relies, and not legal conclusions which he draws from facts not stated.''

Now, in the case before us, the answer does allege that the policy had been canceled, but it is so stated as a purely legal conclusion, without statement of any fact or facts from which such conclusion is drawn. Applying this rule as stated in the cited case, there was no affirmative, issuable plea of cancellation; but even if that objection be waived, and assuming that the issue was sufficiently presented, the proof in support of the plea is clearly not such as will sustain a ruling that the defense was established, as a matter of law.

Indeed, it is significant that, as late as June 30, 1919, and after plaintiff had demanded payment under his policy, the plea that the policy had been canceled does not seem to have occurred to the mind of the defendant; for, on that date, it was denying liability on the assertion that the policy ''had never been placed in force,'' and that no liability had ever attached to the company under it. This is, in effect, saying that no policy had ever been issued; and yet, when required to plead, it expressly concedes that it did issue such policy.

Further discussion is unnecessary.

For the error in directing a verdict, the judgment below is reversed, and cause remanded for a new trial.—*Reversed.*

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.