DILLMAN E. BENTON, Appellant, v. MORNINGSIDE COLLEGE, Appellee.

PLEADING: Equitable Action—Motion to Dismiss—Scope of Confession. A motion to dismiss, under our new equity practice (Sec. 11130, Code of 1924), confesses all facts which are properly and sufficiently pleaded in the pleading assailed, but not conclusions of law nor conclusions of fact, unless the facts from which the conclusions of fact logically follow are set out.

**PLEADING:** Construction—Unallowable Conclusion Plea. An allegation that the transferee of a negotiable promissory note received it *without consideration,—that said transferee was not a bona-fide holder for value,* —is a conclusion plea, and is not justified by the additional allegation of fact that said transferee took the note as a *"donation or gift."* (See Book of Anno., Vol. 1, Sec. 9441; Sec. 11111, Anno. 71 *et seq.*)

**BILLS AND NOTES:** Actions—Defense Available Against Transferee. The maker of a nonnegotiable promissory note who, subsequent to the execution of the note, and before he had knowledge of the transfer of the note, has on deposit with the payee (a private banker), subject to check, an amount equal to the entire amount due on the note, may plead said claim against a transferee of the note when it is made to appear that the said maker, under an arrangement with the banker to apply the deposit on the note, never withdrew any part of said deposit.

**BILLS AND NOTES:** Actions—Defense Against Transferee—Sufficiency of Pleading. The maker of a nonnegotiable promissory note who, in defense to an action thereon by a transferee, pleads that, before he learned of the transfer, he had on deposit with the payee (a private banker) a sum sufficient to discharge the note, sufficiently alleges his continued ownership of the deposit by alleging *that he never withdrew any part thereof from the bank.* (See Book of Anno., Vol. 1, Sec. 11111, Anno. 9 *et seq.*)

**PRINCIPAL AND AGENT:** Authority—Insufficient Plea. An allegation that a named party was an officer, and was charged with the financial management, of a college, *"and, because of being* such officer and financial agent, was authorized to enter into, on behalf of the college,"* a specified contract, is not such clear, direct, and definite allegation of authority as is required by the law. (See Book of Anno., Vol. 1, Sec. 11111, Anno. 9 *et seq.*)

**NOVATION:** Pleading—Sufficiency. A plea of novation must allege a mutual assent of *all* the parties affected by the transaction.

**PLEADING:** Construction—Unallowable Conclusion Plea. An allegation that a person was the financial officer of a college, and *because of such fact* was authorized to enter into a specified contract on behalf of the college, is an unallowable conclusion plea. (See Book of Anno., Vol. 1, Sec. 11111, Anno. 71 *et seq.*)

**PRINCIPAL AND AGENT:** Authority—When Principal Not Bound. A principal is not, in the absence of assent or ratification, bound by the acts of his agent which are against the interests of the principal.

**PAYMENT:** Recovery of Payments—Insufficient Plea. An allegation that money was paid under a mistake, in that the payer (1) did not know that the payee was not a bona-fide holder for value of the *nonnegotiable* note in question, and (2) did not know the authority of the

agent of the payee, is wholly insufficient, no attempt being made to show what authority the agent had.

Headnote 1:  31 Cyc. pp. 333, 335, 336.  Headnote 2:  8 C. J. p. 911; 31 Cyc. p. 53.  Headnote 3:  8 C. J. p. 803 (Anno.)  Headnote 4:  8 C. J. p. 803 (Anno.)  Headnote 5:  2 C. J. p. 905.  Headnote 6:  29 Cyc. p. 1139.  Headnote 7:  31 Cyc. p. 59.  Headnote 8:  2 C. J. p. 578 (Anno.) Headnote 9:  30 Cyc. p. 1324.

*Appeal from Crawford District Court.*—R. L. McCORD, Judge.

### JUNE 21, 1926.

Action to quiet title to certain real estate, as against an outstanding mortgage. Defendant filed a motion to dismiss, which was sustained by the court. Plaintiff appeals.—*Reversed.*

*L. W. Powers,* for appellant.

*Andrew Bell* and *Kindig, Stewart & Hatfield,* for appellee.

ALBERT, J.—I. Appellant's petition is in two counts, and the first count is in two divisions. The first division of Count 1 recites that, on March 1, 1916, C. W. Payne was the owner of a certain tract of land in Crawford County, Iowa, comprising approximately 280 acres; that on that date he sold the land to the appellant, who gave to Payne a note for $40,000, secured by a real estate mortgage on the land thus purchased. This mortgage was duly recorded. The mortgage, by its terms, was not due until 1931.

In May, 1916, Payne transferred the mortgage, by written assignment, for a recited consideration of $40,000 in hand paid, receipt of which was acknowledged, to Morningside College. This assignment was not placed of record until 1920.

Payne was the sole owner of the Valley Bank of West Side, Iowa, a private institution owned and operated exclusively by him.

On March 1, 1918, appellant had on deposit in the Valley Bank a sum in excess of $40,000. On that date, he went to Payne, and told him that he desired to pay off said mortgage with the money he then had on deposit in the Valley Bank. He said that he desired to have his account charged with the amount

due on the mortgage, and the mortgage note returned to him, and the record thereof satisfied. Payne advised him that the mortgage had been transferred to Morningside College, and that the Valley Bank was not in condition to pay out that much money at that time, but that, if Benton would allow the money to remain in the bank, Payne would pay off said mortgage as soon as he could conveniently do so. This was the first information appellant had that the mortgage had been transferred, and was not in Payne's possession.

It is further alleged that said Morningside College did not receive the transfer of said note or mortgage as bona-fide purchasers for value, but that they were transferred to said college by Payne as a gift or donation. Copies of the mortgage and the assignment thereof are attached to the petition.

Payne paid the sum of $7,500 on said mortgage, but appellant never withdrew any of the money on deposit with Payne. Appellant further alleges that, because of the matters above set forth, the mortgage has been paid in full; that, as Payne did not pay the money to Morningside College, appellant has a good defense, and is entitled to a set-off for the amount which he had on deposit with Payne when he first learned of the transfer to Morningside College; that no recovery on the said note can be had against appellant; that, because of matters herein alleged, appellant is owing nothing on the promissory note held by the Morningside College, and that the aforesaid mortgage is not a lien upon the property of appellant; that its existence creates a cloud on appellant's title to the land.

In Division 2 of Count 1 of appellant's petition, by reference he makes all of Division 1 a part of Division 2, and further alleges that, on March 1, 1918, Payne was an officer of Morningside College; that he was particularly charged with the management of the financial affairs of said college, and was authorized to enter into, on behalf of said college, the following arrangements:

On or about March 1, 1918, an agreement was entered into between this appellant and C. W. Payne and the Morningside College, represented by C. W. Payne, by which it was agreed that the $40,000 and interest which appellant then had on deposit with Payne, or the Valley Bank, would remain on deposit for a short period, when Payne would pay said amount directly

to said Morningside College. It was further agreed that, by reason of this arrangement, Morningside College waived its claim against the appellant, and would look solely to Payne or the Valley Bank for payment of said mortgage. Appellant also alleges, in Division 2 of Count 1, that, by reason of said agreement, the mortgage and note have been paid, so far as the appellant is concerned, and the mortgage does not represent any existing lien upon his real estate, but that said mortgage, being of record uncanceled and unsatisfied, constitutes a cloud upon appellant's title to it.

In a second count, appellant, by reference, makes Divisions 1 and 2 of said first count a part of the second count, and further alleges that, shortly after March 1, 1923, the Valley Bank closed its doors, and thereafter Morningside College made demand on appellant for the interest due on the mortgage; that appellant, without fully knowing the situation, under a mistake as to the facts in connection with the matter, without knowledge that Morningside College was not a bona-fide purchaser for value of the mortgage, and without full information as to what position Payne held with said college at the time the arrangement was made with said Payne, paid Morningside College, in April, 1923, $1,625, representing interest due on the unpaid balance of said mortgage; that, under the same fact situation, on March 1, 1924, he paid Morningside College the further sum of $1,625, as interest claimed; that both of these payments "were made by appellant under misapprehension of facts, and without knowledge of circumstances which constitutes a good ———— on his part to said note secured by said mortgage;" that, under said misapprehension of facts, appellant filed his claim in the bankruptcy proceedings of C. W. Payne for the amount of his deposit, and he now tenders to appellee, Morningside College, an assignment of said claim, to the extent of at least the amount claimed by it to be due on said mortgage, and appellant offers to do whatever, in equity, should be done by him, under the circumstances. He prays for a decree finding that the aforesaid mortgage held by the college has been paid in full; that there is no obligation on the part of appellant on said note; and that said note shall not be in force as against him. He asserts that appellant has a good defense thereto and a set-off for said sum, and prays for a decree establishing that no lien exists upon the prop-

erty of appellant by reason of the mortgage securing said note, and canceling said mortgage and note; that he have judgment for the amounts paid in 1923 and 1924, in the sum of $3,500; and for such further relief as is just and equitable in the premises.

As to this petition appellee filed a motion to dismiss, in eight divisions. In each division, each count is attacked on the ground that the facts therein stated do not constitute a cause of action, or entitle the appellant to relief demanded. Thirteen specifications are made under each division of this motion. To set them out *in extenso* would extend this opinion to unusual and unnecessary length. The questions raised therein will be treated later in the opinion, without especially pointing out the subdivisions of the motion by which they are raised.

No question is raised as to the correctness of this proceeding, whether the end desired to be accomplished here can be reached by this kind of proceeding, or whether. such an action would lie, at the time this proceeding was commenced. We therefore give no attention to these propositions.

The first error relied upon for reversal is thus set out by appellant in his brief and argument:

"Under the statutes of this state, the maker of a negotiable instrument transferred otherwise than for a valuable consideration can set up, as against said transferee, any claim he had against the transferor when he first learned of the assignment, and, therefore, Benton could set up against Morningside College any claim which he had against Payne when he first learned that his note had been transferred to Morningside College, since the college received said note as a gift."

It is to be remembered that, under the new equity practice rule, established by the Code of 1924, a demurrer to a pleading has passed into the discard, and a motion to dismiss has been substituted therefor. The motion to dismiss occupies the same position and has the same force and effect as would the demurrer under the former practice, and the making of this motion confesses, as did the demurrer under the former practice, all facts in the pleading well pleaded, but does not confess conclusions of law set out in the pleading, or conclusions of fact, except where the facts from which the conclusions of fact logically follow, are set out.

1. PLEADING: equitable action: motion to dismiss: scope of confession.

There is nothing in the pleading to show that the note accompanying the mortgage in controversy was negotiable. Appellant, in his argument in the statement of error above set out, refers to a negotiable instrument, but in his brief he cites decisions and Iowa statutes governing nonnegotiable instruments; so that we are at a loss to know whether the note was negotiable or nonnegotiable. Appellant seems, however, in his pleading in the above statement of error, to treat it as a negotiable instrument. To avoid its force as such, he pleads that its transfer was without consideration because said transfer was made to the college as a donation or gift, and for that reason the college was not a bona-fide holder thereof for value.

At this point, the first attack is made on this pleading by said motion. In Paragraph 8 of the first division of Count 2, appellant says:

2. PLEADING: construction; unallowable conclusion plea.

"Morningside College has not received the transfer of said note and mortgage as bona-fide purchasers for value thereof, but said note and mortgage were transferred to Morningside College by Payne as a gift or donation to said college."

It is claimed that, where the pleading alleges in terms that one is not a bona-fide holder for value, it constitutes a mere conclusion, and therefore is not a good plea. While the decisions on this question are much in conflict, and the weight of authority seems to be that such a plea is good, we have held that a pleading reciting "that an instrument was delivered without any consideration whatever" is not a good pleading, but the pleading of a mere conclusion. *Sac County v. Hobbs,* 72 Iowa 69; *Simpson Centenary Coll. v. Bryan,* 50 Iowa 293. See, also, 13 Corpus Juris 740, Section 884. If, therefore, a plea of want of consideration or no consideration is a conclusion, it must logically follow that a plea that the party is not a bona-fide holder for value is equally a conclusion. The thought underlying this rule is that, under a code practice like that in this state, the facts on which the conclusion is based must be set out. There seems to be some confusion over the question of whether a conclusion may be made in a pleading. We conceive the rule to be that, where the facts which lead to a logical conclusion are recited in full, a pleading so setting out the facts, followed by the conclusion of the pleader, is a proper pleading, but the setting

out of the conclusion without facts supporting it makes a bad plea. *Conway Bros. v. Iowa Hdw. Mut. Ins. Assn.*, 190 Iowa 1369; *Van Scoy v. National Fire Ins. Co.*, 191 Iowa 1318; *Frink v. Commercial Bank*, 195 Iowa 1011. This, however, hardly answers the question we have before us, because the pleader, in addition to alleging that the college was not a bona-fide purchaser for value, adds, ''but said note and mortgage were transferred to Morningside College as a gift or donation to said college;'' and the pleader insists that, this allegation being taken as true, it follows that the conclusion preceding it was properly pleaded. A statement that the mortgage and note were gifts or donations to the college, without more, does not seem to us to warrant the conclusion that the college was not a bona-fide holder for value. The purpose of this plea, apparently, is to show that, because it was a gift or donation, the transfer was without consideration, and therefore the holder was not a bona-fide holder for value; but this does not necessarily follow. In *Simpson Centenary Coll. v. Bryan*, supra, a case in which there was a divided court, the majority opinion says:

''As to the first division of the answer I think that the demurrer was properly sustained. The division merely shows that the note was executed to the plaintiff college as a gift. This the petition itself shows. But the note is not necessarily without consideration because it was executed as a gift. It was not without consideration if the plaintiff assumed responsibilities upon the strength of it, and the petition shows that it has. To such a petition the averment that the note was executed as a gift constitutes, I think, no defense.''

Under this rule, the allegation that the transfer was without consideration, without additional allegations that responsibilities had been assumed on the strength of the note, would be a bad plea. In addition to this, it must be said that, in the copy of the assignment attached to appellant's petition, Payne recites a consideration of ''$40,000 to me in hand paid, receipt whereof is hereby acknowledged.'' In this situation, we do not feel warranted in holding that the facts alleged, to wit, that it was a gift or donation to the college, warrant the conclusion that the college was not a bona-fide purchaser for value. But, in view of the fact that the pleading does not allege that this was a negotiable instrument, and the uncertainty of appellant's argument, we do

not feel that we are warranted in holding that it is a negotiable instrument. If, in fact, it is such instrument, the appellee would be entitled to bring itself within the protection of the Negotiable Instrument Law by proper pleading. There being no presumption that the note accompanying the mortgage was a negotiable instrument, we shall refrain from any further discussion of this question, and from this point will treat it as nonnegotiable.

II. We must not lose sight of the fact that the purpose of this action is to free the title to the land in controversy from the cloud caused by said mortgage. To accomplish this purpose, the

3. BILLS AND NOTES: actions: defense available against transferee. lien created by said mortgage must be satisfied for some legitimate cause. To this end, appellant makes the allegations heretofore recited as to the money he had on deposit with Payne, and the talk he had with Payne about using said money to pay the mortgage and note in controversy. He claims that, on the 1st of March, 1918, Payne was indebted to him in a sum sufficient to pay the mortgage and note, and that, therefore, he has a right to have said mortgage satisfied, thus clearing his title from the cloud, because Payne's indebtedness to him was a legitimate offset or counterclaim as against the mortgage and note in the hands of the transferee under the written assignment, because that indebtedness of Payne's to appellant existed before appellant had notice of the assignment. This calls for an application of Section 10971 of the Code of 1924, which is identical with Section 3461 of the Code of 1897, which was in operation at the time this transaction took place. The section reads:

"The assignment of a thing in action shall be without prejudice to any counterclaim, defense, or cause of action, whether matured or not, if matured when pleaded, existing in favor of the defendant and against the assignor before notice of the assignment; but this section shall not apply to negotiable instruments transferred in good faith and upon a valuable consideration before due."

It is the claim of appellant that, under this section, and under the facts recited in his pleading, he had a complete counterclaim or defense as against the mortgage in the hands of the college. Attention is called to the fact that this section, as it existed in the Code of 1897 and in the present statute, is wholly different from the section of the former Codes of Iowa. The

Revision of 1860 (Section 2760) provided that the assignment should be "without prejudice to any set-off or other defense existing before notice of the assignment." The provision of the Revision of 1860 was in accord with the common-law rule under which a set-off could not be pleaded against the payee of a note in an action by the assignee when it arose out of an independent transaction. Typical cases are *Stannus v. Stannus*, 30 Iowa 448, and *Richards v. Daily*, 34 Iowa 427. However, the Code commission, in the preparation of the Code of 1873, enlarged this section, and made it include "any counterclaim, defense, or cause of action." Section 2546, Code of 1873. Under the section as it now stands, we have held that, where the assignment is made, any counterclaim, defense, or cause of action existing in favor of the original maker and against the assignor, may be properly pleaded and utilized to defeat the instrument assigned, provided it existed before the holder thereof had notice of such assignment. *Downing v. Gibson*, 53 Iowa 517. We have consistently held to this rule in *Bone v. Tharp*, 63 Iowa 223; *Leach v. Funk*, 97 Iowa 576; *Thomas v. Exchange Bank*, 99 Iowa 202; *Gibson v. McIntire*, 110 Iowa 417; *De Laval Separator Co. v. Sharpless*, 134 Iowa 28; and *Rice v. Friend Bros. Co.*, 179 Iowa 355. It would seem, therefore, that, if appellant has pleaded the proper facts, he will be entitled to have the title to his land freed from the cloud of the mortgage. Appellee, however, claims that the plea is defective because it does not allege that appellant was the owner of the claim at the time of the alleged assignment, and also when sued on.

The claim need not be in existence at the time the assignment was made. It is undoubtedly true that the claimant must allege that he is the owner of the claim. Turning to the pleadings, we find that he alleges that he was the owner of the deposit in the bank on March 1, 1918, and that he never withdrew any of said money from the bank. Since he was the owner at that time, and since he negatived the withdrawal of the same, the presumption of law is that he continued to be the owner thereof. As to the allegation that the same was due at the time the suit was brought, we think this is covered by the pleading filed, in that, under the allegations of the pleading, the law would require that the payments should be made within a reason-

4. BILLS AND NOTES: actions: defense against transferee: sufficiency of pleading.

able time; and, as this action was apparently commenced long after Payne's bank became insolvent, in 1923, a reasonable time will be held to have elapsed, as a matter of law. We are, therefore, of the opinion that the first error assigned by appellant should be sustained.

As to Division 2 of Count 1, the appellant alleges the error to be in the court's holding that the allegation that C. W. Payne, being the financial agent of Morningside College, had authority to settle claims due the college and to receive claims against his bank in payment thereof, was an insufficient pleading. The trouble with this assignment of error is that the pleading does not measure up to the matters set up in the assignment of error. The material part of this division is Paragraph 2, which reads as follows:

5. PRINCIPAL AND AGENT: authority: insufficient plea.

"That, on or about the 1st of March, 1918, Payne was an officer of Morningside College, particularly charged with the management of the financial affairs of said college, and because of being such officer and financial agent, was authorized to enter into, on behalf of the college, the arrangements pleaded in the following paragraphs."

Morningside College was a non-trading corporation. There is no allegation in this division alleging in direct terms that Payne had authority to make any such agreement as that which is pleaded by appellant. The most that can be said for the allegation above set out is that, because appellant says that Payne was the financial officer and manager of the financial affairs of the college, as a conclusion therefrom he was authorized to enter into the arrangement. This is not such an allegation as the law requires, to support such an agreement. See *St. Vincent College v. Hallett*, 119 C. C. A. 647 (201 Fed. 471). Further than this, the substance of this plea, if it means anything, means an attempt to plead a novation: that is, by agreement between the college, Payne, and the appellant, the indebtedness of Payne to appellant and the college was to be satisfied by Payne's promise to pay off the mortgage. A plea of novation, to be sufficient, must allege the assent of the three parties to the transaction. *Kirchman v. Standard Coal Co.*, 112 Iowa 668; *Foster v. Paine*, 63 Iowa 85. This plea is wholly deficient, because it is stated that Payne made such an agreement as the financial officer on behalf of the

6. NOVATION: pleading: sufficiency.

college, without alleging that he was authorized by the college to make such agreement, or that, after the agreement was made, the college, with full knowledge of the facts, ratified the same. The most that can be claimed for the pleading is that it says that, because Payne was the financial officer of the college, he had authority to make such an agreement. This is simply the conclusion of the pleader, drawn from the statement of Payne's official position, and is not a direct allegation of such authority. In principle, this is the rule announced in *Hakes v. Myrick,* 69 Iowa 189, and *German Sav. Bank v. Des Moines Nat. Bank,* 122 Iowa 737. Again, an agent cannot act against the interests of his principal. When he attempts to do so, such act is not binding, unless assented to or ratified by the principal. No facts are alleged from which an implied authority could be inferred. See *American Tr. & Sav. Bank v. DeJaeger,* 191 Iowa 758; *Wilken v. Voss,* 120 Iowa 500; *Harvey v. Mason City & Ft. D. R. Co.,* 129 Iowa 465; *Welke v. Wackershauser,* 143 Iowa 107; *Faville v. Lundvall & Co.,* 106 Iowa 135. Under this law, the facts pleaded do not rise to a pleading of novation.

7. PLEADING: construction: unallowable conclusion plea.

8. PRINCIPAL AND AGENT: authority: when principal not bound.

III. Count 2 of appellant's petition seeks recovery of two payments of interest, of $1,625 each, paid by appellant to Morningside College, the first payment being made on April 15, 1923, and the second on March 1, 1924. In that count it is alleged that Payne, under the name of the Valley Bank, became insolvent on March 1, 1923, and closed the doors of the bank. The first payment of interest was made on April 15th following, pursuant to a demand made by the college. Appellant claims that, when he made these payments, he was without knowledge that Morningside College was not a bona-fide purchaser for value of the mortgage, and he was without full information as to the official position Payne held in said college at the time the arrangement was made with Payne. This plea is wholly insufficient, because mistake and want of knowledge set out therein are not sufficient to support a plea of this kind. Two grounds are pleaded therein. The first ground states that the claimant was without knowledge that Morningside College was not a bona-fide purchaser for value of the mortgage. The mortgage being, of course, non-

9. PAYMENT: recovery of payments: insufficient plea.

negotiable, there could be no such thing as a bona-fide purchaser without value, under the circumstances alleged, and, further than this, a statement of it in this form is the pleading of a mere conclusion. The second ground, to wit, that claimant was without full information as to the official position held by Payne at the time the arrangement was made with Payne, is equally faulty. It follows, therefore, that the plea set out is not a good plea.

Accompanying the motion to dismiss was a motion to strike each of the pleas set out in the pleading. We reach the conclusion that the court erred in sustaining the motion to dismiss the case; but we hold that the plea set up in the first division of the first count is sufficient, and that the motion to strike the second division of the first count and the second count should have been sustained.—*Reversed*.

DE GRAFF, C. J., and EVANS, STEVENS, and VERMILION, JJ., concur.

MORLING, J., not participating.