JOHN E. CAMERON v. THE MUTUAL LIFE & TRUST COMPANY, Appellant.

121  477
f142  267

**Insurance:** BREACH OF CONTRACT: WHERE ACTION MAY BE BROUGHT.
1  Under Code section 3499, an action for a breach of contract of insurance may be brought in the county in which the contract was made, and is not confined to action for loss under policies of insurance.

**Contract of Insurance:** AGENCY: RATIFICATION.   Plaintiff as
2  signed certain shares of stock to an agent of defendant to be used in procuring a policy of insurance.   Subsequently the president of the company wrote plaintiff in response to an inquiry as to the agents authority that he was defendant's agent and that whatever he did "would be all right."   *Held*, that the same amounted to a ratification of the agent's contract.

*Appeal from Cedar Rapids Superior Court.*—HON. J. H. ROTHROCK, Judge.

THURSDAY, OCTOBER 22, 1903.

ACTION to recover consideration paid by plaintiff to defendant on a contract with reference to insurance in the defendant company. Verdict for plaintiff. From judgment thereon defendant appeals.—*Affirmed.*

*Stephen H. Sibley* for appellant.

*W. J. McCready* and *B. L. Wick* for appellee.

McCLAIN, J.—From the allegations of plaintiff's petition it appears that the defendant is a life insurance company, with its principal place of business in the city of Des Moines, and that in October, 1900, the plaintiff, who was then, and now is, a resident of Linn county, had negotiations in that county with one W. W. Ames, acting as agent of the defendant company, with reference to transfer by plaintiff to the defendant company of certain shares of stock in a company known as the Home Savings & Trust Company, in consideration for the issuance by the defendant company of a policy of insurance on the life of plaintiff, which policy, after its issue, was to be sold by said Ames as agent of the defendant company, and the proceeds thereof accounted for to plaintiff. It is further alleged that the agreed value of the shares of stock thus to be transferred to the defendant company in consideration for the policy of insurance, and to be realized by the defendant company out of said policy and paid over to plaintiff was $134.80, which was to be realized and paid over within sixty days from the date of the contract. In the first count of the petition the statement of these facts is coupled with allegations of false and fraudulent representations as to the ability of the defendant company to dispose of the policy on plaintiff's life and realize the agreed amount therefrom, and it is alleged that no policy was ever issued by or delivered to the plaintiff, and that he has been damaged to the extent of

the agreed price of the stock transferred. In the second count of the petition it is alleged that defendant has wholly failed to perform its part of the contract, and damages are claimed in the same amount.

This statement of the allegations of the petition has been necessary in order to rule on an assignment of error based on the refusal of the trial court to grant a change of the place of trial from the superior court of Cedar Rapids to the district court of Polk county, in which county is located the principal place of business of the defendant company. The contention for appellant is that the action was brought in the wrong county, and that it should have been, on defendant's motion, transferred to the county of defendant's place of business. The motion was well taken, under the provisions of Code, section 3501, that "Personal actions, except as otherwise provided, must be brought in the county in which some of the defendants actually reside," unless the case falls within some of the provisions of Code, section 3499, which reads as follows: "Insurance companies may be sued in any county in which their principal place of business is kept, or in which the contract of insurance was made, or in which the loss insured against occurred; or in case of insurance against death or disability, in the county of the domicile of the insured at the time the loss occurred, or in the county of the plaintiff's residence."

1. INSURANCE: breach of contract; where action may be brought.

Counsel for appellant argues that this section relates only to actions for loss under policies of insurance. But it is to be noticed that the section contains no such restriction. Such a company may be sued in any county "in which the contract of insurance was made," and it would seem clear that, in the absence of any language in the statute indicating a contrary intent, any action for breach of a contract relating to insurance may be brought in the county in which the contract was made. It may be that

actions having no reference to a contract of insurance—such as an action for libel, or in connection with the loaning of money, or the like—would not come within the provisions of this section. But the plaintiff, in his petition, states an indivisible contract, involving the taking out of a policy of insurance on the plaintiff's life, and a sale thereof by the defendant company, on the one hand, and the payment to the defendant company of certain shares of stock on the other. This was certainly a contract of insurance, and at the same time it involved other matters with reference to which plaintiff now seeks to maintain an action. We see no reason for giving to the section such a limited construction that a right of action growing out of the contract of insurance cannot be made the basis of a cause of action in a suit brought in the county where the contract was made. The first count of plaintiff's petition practically sets out a cause of action to recover damages for false and fraudulent representations made in the contract of insurance. Certainly, if a fraudulent contract of insurance be made, an action for damages resulting from the fraud may well be prosecuted, under the language of the statute, in the county where the contract is entered into. Appellant's assignment in this respect is, in our judgment, not well taken.

Another assignment of error is based on the contention that Ames had no authority to enter into such a contract in behalf of the defendant company. But the court 2. CONTRACT instructed the jury that if, subsequently to of insurance: the making of the contract, the defendant, by agency: ratification. its president, ratified the act of Ames in making the oral contract alleged by plaintiff, then the verdict should be for the plaintiff; and this instruction, not being excepted to, must be regarded as correctly stating the law applicable to the case. It appears that immediately after the making of the oral contract with Ames plaintiff wrote to E. O. Spinney, the president of the defendant company,

stating the terms of the contract, and asking whether Ames had authority to make it, and received from Spinney a letter in which he was assured that Ames was defendant's agent, and that any business transacted with him "would be all right." There was other correspondence between plaintiff and Spinney with reference to the transaction, before the time when the contract was to be fully executed, and Spinney nowhere denied the authority of Ames to bind the defendant by such a contract. The fact that these letters were written by Spinney after the contract was made with Ames would not deprive them of force as constituting a ratification. It is, of course, not to be expected that the ratification of an agent's authority shall be made before the authority is exercised. Plaintiff assigned his stock to Ames, to be used by him in procuring a policy in defendant company; and, if Ames took the stock as agent of the defendant, then a recognition by the company, or, under the instruction, by Spinney, the president of the company, that Ames was authorized to act in such transaction for the company, would be binding. There was, so far as appears, no disclaimer of Ames' acts, nor any offer to return the stock. There was therefore ample evidence of a ratification, and the jury were justified in finding that the contract of Ames was binding on the company.

Without further elaboration, we are satisfied to say that the verdict was supported by the evidence, and that, as no error appears in the record, the judgment of the lower court is AFFIRMED.