A. M. Petite, Appellee, v. The Atlas Insurance Co., Appellant.

**Insurance:** PLACE OF BRINGING ACTION AGAINST COMPANY. The assignee of a contract of insurance may sue to recover a deposit made with the company by his assignor under the contract, in the county in which the contract of insurance was made; and this is true as against another insurance company which has assumed the policy obligations by a contract made in a county other than that in which the original contract of insurance was made; as Code, section 3499, relating to the place of bringing actions against an insurance company, has reference to the place where the original contract of insurance was made and not a contract of reinsurance by the company.

**Same:** RECOVERY OF DEPOSIT: BURDEN OF PROOF. Under a contract of insurance requiring the insured to deposit a sum equal to one years premium in addition to the regular premium, to be repaid unless properly expended, the burden was on a reinsuring company, in a suit to recover the deposit, to show that the fund had been properly expended, if such was the fact.

*Appeal from Cass District Court.*—Hon. A. B. Thornell, Judge.

Saturday, April 10, 1909.

This is an action to recover a deposit made by a policy holder, in pursuance of the provisions of his policy, at the time of its issuance. There was a directed verdict for the plaintiff. Defendant appeals.—*Affirmed.*

*Henry & Henry* and *J. B. Rockafellow,* for appellant.

*Curtis & Follett,* for appellee.

EVANS, C. J.—The plaintiff holds his alleged cause of action by written assignment from Shoudy Bros. The controlling facts in the case are undisputed. In 1896 the Atlas Mutual Insurance Company issued its policy of insurance to Shoudy Bros., for $2,500. It was a part of the plan of insurance of such company to require a deposit by its policy holder of a certain amount, which should be carried in its "reserve fund." At the time of issuing the policy in question it required a deposit of $25, and issued its following certificate therefor: "This is to certify that Shoudy Bros. of Atlantic, Iowa, having become a member of the Atlas Mutual Insurance Company has deposited in the reserve fund of said company the sum of twenty-five dollars as provided in article nine . . . and which this company hereby agrees to return as therein provided on surrender of this certificate and the policy and the payment of premium earned thereon to date at the home office in Des Moines, Iowa. William Wilkinson, Secretary. $25.00. Please Observe. No deposit is returned on policies forfeited for nonpayment of premium. On cancellation of policy the earnings to date must be paid in; do not ask that it be taken out of the deposit and balance returned as that will not be done." The policy was kept in force by the payment of annual premiums on the part of Shoudy Bros. until June 7, 1904. At that date Shoudy Bros. sent in their policy, requesting its cancellation, and asked a return of its deposit. Article 9, referred to in the certificate of deposit, is as follows: "For the purpose of creating a reserve fund each member shall deposit with the company a sum in cash equal to one annual premium. This fund shall be used whenever the amount of the annual premium will not pay the losses and expenses for the year; a part

of it may be used in paying losses when there is no money in the general fund while assessment is being collected. The interest earned by it shall be used in paying losses and expenses. And any unused portion of the member's contribution to it shall be returned on the cancellation of the policy, except when cancelled for nonpayment of assessment, when it shall be forfeited as provided in article eight." It appears from the pleadings of both parties that some time prior to June 7, 1904, the Atlas Insurance Company, defendant herein, "assumed and agreed to carry out the contracts of the said Atlas Mutual Insurance Company."

I. The plaintiff brought his action in Cass County. The defendant appeared and asked for a change of venue to Polk County, being the county of its own residence. Upon a hearing had, the application for the change of place of trial was overruled, and the defendant complains of such order. Under the showing made, the trial court was justified in finding that the contract of insurance was made in Cass County. Section 3499 of the Code provides: "An insurance company may be sued in any county . . . in which the contract of insurance was made." It is clear that plaintiff's assignor could have sued on the policy as against the original insurer in Cass County. It is urged, however, that this is not an action on the policy, and that section 3499 does not therefore apply. This point has already been ruled on by this court adversely to appellant's position. *Cameron v. Mutual Life,* 121 Iowa, 477.

It is further urged by appellant that its contract with the Atlas Mutual Insurance Company was entered into in Polk County alone, and not in Cass County; but such fact will not avoid the provisions of the section quoted. It undertook to perform the contract of insurance already entered into by the Atlas Mutual Insurance Company. It voluntarily stepped into the shoes of such company. If the defendant was suable at all for the performance of such

contract, it was suable in accordance with the provisions of the statute. These provisions permitted the suit in the county where the contract of insurance was made. The statute has reference clearly to a contract of insurance between an insurance company and the insured, and not to a contract of reinsurance entered into between two insurance companies. We think, therefore, that the trial court properly denied the change of venue.

II. It is further urged by the appellant that there was no evidence that the deposit made by plaintiff's assignor was unexpended, in accordance with the provisions of article 9. This point involves a question of the burden of proof. The deposit and the terms thereof as shown by the certificate were undisputed. Its purpose was to constitute a "reserve fund," to be resorted to only in unexpected contingencies. The defendant pleaded in its answer that the fund had all been expended, notwithstanding the full payment of annual premiums by plaintiff's assignor. If the fund was expended, the facts were peculiarly, if not exclusively, within the knowledge of the defendant. The certificate on its face clearly contemplated a return of the deposit in whole or in part. We think the plaintiff was entitled to introduce in evidence the certificate, and to make a *prima facie* case thereby. If the deposit had been properly expended in whole or in part, it was eminently proper to require the defendant to assume the burden of a showing upon that question.

Upon this view of the law, the controlling facts in the case were undisputed, and the court properly directed a verdict. Its judgment is therefore *affirmed*.