JOHN M. HAUGE, Appellant, v. FARMERS MUTUAL HAIL INSURANCE ASSOCIATION OF IOWA, Appellee.

MARCH 8, 1927.

*J. G. Mitchell*, for appellant.

*Clark & Byers*, for appellee.

STEVENS, J.—Appellee, the Farmers Mutual Hail Insurance Association of Iowa, is incorporated under the laws of this state, and has its principal place of business in the city of Des Moines. The policy in suit was issued June 28, 1920. The loss occurred July 5, 1922. The loss to appellant's crops was total, and appellee concedes that, if appellant is entitled to recover at all, it is for $2,000, the full face of the policy. An assessment of $34.25 was levied upon the policy of appellant, to cover his pro-rata share of the losses occurring during the year 1920. Appellant, after due and proper notice, failed to pay the assessment. It is tacitly conceded that, if the assessment was legal, the policy was in suspension at the time of the loss, and no recovery can be had thereon.

Appellant asserts that the assessment was not levied according to law, the articles of incorporation, and the by-laws of the association, and that the same is invalid. The invalidity thereof is predicated upon the following matters: (a) That it was not made by the board of directors, as required by the articles of the association; (b) that it was not based upon an audit of the association accounts, and that, in making the assessment, the amount of insurance in force was not ascertained, or the assessment based thereon; (c) that the assessment was made in part by the secretary, and not by the board of directors, notwithstanding the fact that the power to make the assessment was not delegable; (d) that the levy was made without regard to the provision of the by-laws that one half of the amount to be assessed should be levied upon all insurance in force in the state; and (e) that the assessment was arbitrary, unreasonable, and far in excess of the necessities of the association. Other alleged irregularities will be noted as we proceed.

The burden was upon appellee to show that. the assessment was valid and legal, and that same was made in substantial conformity to the rules and laws of the association. *Van Scoy v. National Fire Ins. Co.*, 191 Iowa 1318; *Petite v. Atlas Ins. Co.*, 142 Iowa 265. The articles of incorporation conferred authority upon the board of directors to levy and collect assessments for the purpose of paying losses and expenses. This authority could not be delegated to the secretary, nor exercised by him alone. *Farmers' Mill. Co. v. Mill Owners Mut. Fire Ins. Co.*, 127 Iowa 314. The by-laws of the association provided for the division of the state of Iowa into two districts, to be known as the northern and southern districts, for the purpose of making assessments to pay losses, etc., and also that one half of the amount of all losses should be levied on the whole insurance of the state.

The minutes of the meeting of the board of directors held on September 21, 1920, as kept by the secretary, were introduced in evidence, as were also the minutes of the annual meeting of the board of directors, and of the annual meeting of the policy-holders, held on September 21, 1921. The record of these meetings includes the audit of the assets and liabilities of the association for those years.

No attempt appears to have been made to delegate authority to the secretary to ascertain the amount necessary and to levy the assessment for the year 1920. It does appear, however, that an attempt was made at the board meeting on September 21, 1921, to authorize the secretary to fix the rate on business located outside of the state of Iowa as to him seemed fair.

The policy of appellant was in suspension prior to the 1921 meeting of the board of directors. Nothing is said in the minutes of either meeting as to the assessment of one half of the total losses against all insurance in force in the state. The secretary, however, testified that the by-laws requiring that this be done were complied with. The assessment levied in 1920 was 2 per cent in the northern division on all business in force July 1st; 1.8 per cent on all business written between July 2d and July 10th; and 1.5 per cent on all business written July 11th to August 6th; and on all business written after August 6th, 1.2 per cent. Franklin County, in which appellant resides, is included in the northern district.

The board of directors at its 1921 meeting levied an assess-

ment of 1.8 per cent on what is denominated "the eastern Iowa and the Iowa mutual business." . The explanation made by the secretary of the variation in the rate of assessment in the two districts and as otherwise made was that the losses in one district were greater than in the other, and that to equalize the burden no assessment was levied on insurance .written subsequent to July 1st, to cover losses occurring prior .to that date. The same rule was followed as to the other assessments.

An audit was made of the accounts of the association, covering income, disbursements, assets, liabilities, and other matters for the years 1920 and 1921. Nothing is said in the report of the auditor for either of these years as to the amount of insurance in force. According to the testimony of the secretary of the association, this item was derived from the audit of the insurance department of the state of Iowa. The amount of insurance in force during the years 1920 and 1921 is not disclosed. No assessment could be made by the board of directors upon any other basis than the total amount of insurance in force, and, in the absence of a plea of fraud, we think it must be inferred from the testimony that this element must have been considered. It would be better if the records kept by the secretary of board and annual meetings more completely covered the details and gave full information as to all matters of importance considered thereat.

Section 1759-h of the Code Supplement, 1913, authorizes mutual assessment associations to make such assessments as are required to pay losses and necessary expenses incurred in the conduct of the business. The items of expense disclosed by the auditor's report were very large, when compared with the total disbursements for losses. The audit as to assets and liabilities appears to have been made, as required, and there is nothing to indicate that the expenses were less. than indicated thereby. The amount collected in excess of the requirements of the association is apparently larger than it should have been. It is, of course, true that a perfectly accurate estimate cannot be made. We are not convinced, however, that the assessment was arbitrarily made, or that such irregularities are shown as to invalidate it. Appellant knew that he was in default in the payment of his assessment, and had requested the cancellation of his policy. Cancellation could be effected by him only by

payment of the assessment. This he declined or neglected to do.

The secretary was permitted, on the cross-examination of counsel for appellee, to testify, over the objections of appellant, to the manner in which the assessment was worked out, and to  explain the facts upon which the rate of assessment was fixed in the different districts. It is urged by counsel for appellant that this testimony was inadmissible, for the reason that it tended to impeach the records of the association. The testimony either covered matters not referred to in the record of the association or was explanatory in character only. The association is organized upon a mutual assessment basis, and the records kept by the officers thereof should be sufficiently complete to give all necessary information to its members. Although the record of the board meetings might well have been improved, we would not, in our judgment, be justified in holding the assessment invalid because of the irregularities shown. There was substantial compliance with the articles and by-laws of the association.

We conclude, therefore, that a verdict was properly directed for the defendant.—*Affirmed.*

EVANS, C. J., and VERMILION and ALBERT, JJ., concur.