IOWA STATE BANK, Appellee, v. ABRAHAM FRANKLE, Appellant.

**JUDGMENT:**   Adjudication—Fraud in Purchase of Stock.   A compromise and settlement of an action against the president of a bank for fraudulently inducing the purchase of the stock of the bank precludes the relitigation of such issue in an action by the bank against the purchaser on the notes given for the stock.

*Appeal from Polk District Court.*—James C. Hume, Judge.

March 4, 1924.

Rehearing Denied May 10, 1924.

Action at law, to recover the amount due on two promissory notes. The opinion states the facts. From a judgment on a directed verdict for plaintiff, defendant appeals.—*Affirmed.*

*Walter L. Stewart,* for appellant.

*Clark & Byers,* for appellee.

Vermilion, J.—The action is at law, for the recovery of the amount due on two promissory notes given by the defendant and appellant. The answer admits the execution of the notes, and alleges that they were given to the plaintiff and appellee as part of the consideration for ten shares of the capital stock of the appellee bank; that appellant was induced to purchase the stock by false and fraudulent representations on the part of E. H. Hunter, president of the bank, as to the financial condition of the bank and the dividends theretofore paid upon its stock. By a counterclaim, appellant seeks to recover the remainder of the consideration for the stock previously paid, upon the ground that he was induced to purchase it by the false and fraudulent representations of the president, as alleged in the answer. Appellee, by way of reply, denies the fraud alleged, makes a general denial to the allegations of the counterclaim, and pleads, in substance, that theretofore the appellant commenced an action in the district court of Polk County against E. H. Hunter, aided by attachment, wherein he pleaded all of the claims set up in the answer in this action, and sought to recover $2,000 as damages because of the alleged fraud and misrepresentations of Hunter, the defendant therein, in the sale of the bank stock in question; that the defendant therein by answer denied all charges of fraud; that thereafter the appellee and Hunter entered into a written stipulation in that action, as follows:

"Pursuant to the agreement heretofore made between the

parties, the above entitled cause has been settled and compromised and is hereby dismissed, with prejudice both as to the petition and counterclaim.''

It is further alleged that thereafter a judgment of dismissal at the cost of appellant was entered by the court in that action. It is alleged that thereby the appellant elected to stand on the sale of the stock and to look to Hunter for any alleged damages, and that, by the stipulation and agreement of settlement and dismissal of that action, all questions involving the validity of the sale of the stock and the execution and delivery to the appellee of the notes in suit were fully and completely adjudicated.

The cause was tried to a jury, and, at the close of all the evidence, on motion of the plaintiff and appellee, the court directed a verdict in its favor for the amount due on the notes sued on.

The evidence showed without dispute that the stipulation of settlement of the action brought against Hunter by the appellant to recover the damages the latter claimed to have sustained by reason of the alleged fraudulent representations of the defendant therein, whereby appellant was, as he alleged, induced to buy the stock in the appellee bank, was entered into, as claimed by appellee.

Concerning the settlement and dismissal of that action, the appellant testified, in substance, that that lawsuit was dismissed by his attorney and himself; that Mr. Hunter claimed several thousand dollars against him because the attachment had been levied on Hunter's property, and he, appellant, had a claim against Hunter for false representation on the stock; that his attorney told him that the charges or grounds for attachment were false, and he was liable on the bond; that the attorneys on both sides settled and compromised the whole thing by dismissing both the counterclaim and his claim; that he did not know there was an entry of dismissal, or that it had actually been done, but supposed it had been arranged to be done. He also testified:

''I was just going by what my attorney told me, that I could not make good against Hunter; that it was not his stock; that it was not his personal stock that I bought; that it was someone else's.''

The action of appellant against Hunter was dismissed by the court in pursuance of a general order, and for the reason that it had been docketed for three consecutive terms without having been assigned, continued, or noticed for trial. We do not, however, regard this dismissal as of controlling importance. The material and controlling thing is that the action was in fact settled and compromised by the parties, or through their attorneys; and of this there can be no doubt.

If Hunter made the fraudulent representations alleged by appellant, he was liable for the damage resulting, whether he was acting for himself, or as the agent of the bank, or for W. S. Brown, who appears to have been the real owner of the stock sold to appellant. In the action against Hunter, appellant claimed the full amount of the consideration he agreed to pay for the stock, $1,000, and $1,000 additional, for which he alleged he might become liable, by reason of the fact that the owner of the stock was subject to an assessment equaling its par value. Whatever the amount of his damage, or whatever the elements that entered into it, it is clear that he suffered but a single injury: that arising from his being induced by fraud, as he alleged, to buy the stock. For this he sought to recover against Hunter, and his claim so made against Hunter, he settled and compromised. It is a familiar and universal rule that the right of action for a tort is indivisible, and one satisfaction extinguishes the entire demand. A plaintiff can enforce only one satisfaction for the same injury. *Metz v. Soule, K. & Co.*, 40 Iowa 236; *Miller v. Beck & Co.*, 108 Iowa 575; *McDonald v. Nugen,* 118 Iowa 512; *Snyder v. Mutual Tel. Co.*, 135 Iowa 215.

It is equally plain that appellant's demand against Hunter for the full amount he agreed to pay for the stock, and his settlement and compromise of that demand, left him no defense, such as he now urges, to the notes held by the bank, conceding that they were given for the purchase price of the stock, and not for money borrowed to pay for the stock, as claimed by the appellee.

As the motion for a directed verdict was properly sustained on the ground considered above, it is unnecessary to examine the other grounds of the motion.—*Affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.