FARMERS SAVINGS BANK OF GRIMES, Appellant, v. R. C. FRIAR, Appellee.

**COMPROMISE AND SETTLEMENT:** Operation and Effect—Estoppel to Plead Fraud. The victim of a fraud-induced promissory note who settles with and receives satisfaction from the wrongdoer, thereby *loses his defense of fraud* when sued on the note by the transferee thereof.

Headnote 1:   12 C. J. p. 339.

*Appeal from Polk District Court.*—G. D. THOMPSON, Judge.

DECEMBER 11, 1924.

REHEARING DENIED MARCH 21, 1925.

ACTION on a promissory note. The defense pleaded was fraud in the inception of the original note, for which the note in suit was given in renewal. The court submitted the cause to the jury, which returned a verdict for the defendant, and the plaintiff appeals.—*Reversed.*

*Brockett & Strauss,* for appellant.

*Stewart & Hextell,* for appellee.

FAVILLE, J.—Appellee subscribed for shares of stock in the Planters Terminal Elevator Company, a corporation then being organized in the city of Des Moines. He executed two notes, representing the stock subscription, one for $7,000 and one for $3,000. The note of $3,000 was sold and transferred to appellant, and the note in suit was given to appellant in renewal of the said note so purchased by it. Appellee pleaded fraud in the procurement of the original note, and all of the grounds of fraud were withdrawn by the court, in the instructions to the jury, except two: namely, an alleged false representation claimed to have been made to appellee to the effect that plans for the elevator which it was contemplated would be constructed by the Planters Terminal Elevator Company, at Des Moines, had already been drawn; and the further representation that no subscription for capital stock for less than $10,000 would be accepted by the terminal company.

In reply, appellant pleaded that appellee had compromised his cause of action for the alleged fraud of the Planters Terminal Elevator Company, and had secured from it a satisfaction of his claim for said fraud in full, and had discharged it from all liability because of said fraud; and appellant pleaded that, by reason of said fact and said discharge, appellee had ratified and confirmed the note in suit and the transaction out of which it grew, and had thereby barred and estopped himself from pleading said fraud as against appellant.

Appellant moved for a directed verdict, which motion was overruled, and the cause was submitted to the jury.

I. After the original note of $3,000 had been sold to appellant, and while the terminal company still held the note of $7,000, appellee rescinded his contract with the terminal company. This was on October 11, 1921. Said rescission was by written notice, in which appellee tendered a complete release of his subscription and demanded the return of his two notes, one for $3,000 and one for $7,000. On December 29, 1921, appellee and the terminal company entered into a stipulation of settlement, which embodied the following provision:

"In consideration of the premises each party hereto acknowledges as fully settled, satisfied and discharged any and all claims of either party against the other of whatsoever char-

acter, kind and description whether set out herein or not.''

The stipulation referred to the note of $7,000 then held by the terminal company, which it was agreed should be returned to appellee, but no specific reference was made to the $3,000 note, in said stipulation. No action was instituted by appellee against the terminal company in connection with said matter.

It is urged by appellant that the settlement made by appellee with the terminal company barred appellee from interposing the defense of fraud against the note sued on by appellant. In other words, it is the contention of appellant that the record shows that appellee made full settlement for the wrong done in securing his subscription to the corporation stock and the giving of notes therefor, and that, having so settled his claim for the alleged fraud with the party who he claims perpetrated the fraud, he cannot now urge the same claim of fraud as against the note in the hands of appellant.

There can be no doubt of the general rule that, where a right of action for a tort is indivisible, one satisfaction extinguishes the entire demand. The injured party can enforce only one satisfaction for the same injury; and where, in a case of this kind, a suit is begun against the original wrongdoer for the injury growing out of the alleged fraud in the procurement of the stock subscription and the giving of notes therefor, and said claim is settled in its entirety between the original wrongdoer and the party claiming to have been injured, such settlement necessarily constitutes a full satisfaction for the injury, and the same fraud cannot be again urged after said satisfaction, against a third party who may be the owner and holder of one of the notes given in the original transaction. *Iowa St. Bank v. Frankle,* 197 Iowa 1177; *Macedonia St. Bank v. Graham,* 198 Iowa 12.

In this case, if appellee made a full and complete settlement with the terminal company for the injury which he claimed resulted from the fraud which he alleged induced him to enter into the subscription contract and to give his two notes, one of $7,000 and one of $3,000, therefor, then he has had full satisfaction with the original tort-feasor for the wrong done, and cannot have further satisfaction for said wrong in this or any other proceeding.

As before stated, no suit was brought at any time; but, by

the terms of the stipulation of settlement, the note of $7,000 then held by the terminal company was returned to appellee, and there was a recital of full settlement and satisfaction of *any and all claims* of either party against the other, of *whatsoever kind or character,* whether set out in the stipulation or not.

It is quite evident from the record that appellee was making a claim against the terminal company for rescission of the contract and restoration for the full injury and wrong done him in the procurement of the stock subscription contract and the notes which he had given in pursuance thereof, and that he made a settlement with the terminal company of any and all claims which he had with said company, growing out of said transaction. Having done this, he is in no position to now claim a further satisfaction for the injury done him, by interposing the same defense of fraud to the note sued upon by appellant. He had his right of action against the terminal company for the claimed fraud. He proceeded, not by suit for damages, but by rescission and a demand for restoration of the *status quo;* and he settled "any and all claims of either party against the other of whatsoever character, kind and description whether set out in the stipulation or not." This constituted, and was intended by the parties to constitute, a full and complete settlement between appellee and the terminal company, of all claims of whatsoever character, whether specified or not, growing out of the transaction between them. This fully satisfied all claims by appellee against the terminal company for the identical fraud pleaded by appellee as a defense to appellant's note. "Any and all" claims by appellee growing out of the transaction have been settled between the appellee and the wrongdoer. Appellee can enforce only one satisfaction for the same injury. *Iowa St. Bank v. Frankle,* supra, and cases cited.

The trial court should have sustained appellant's motion for a directed verdict, upon the ground that, under the record, the defense of fraud was not available to appellee, in view of the settlement and compromise he had made with the terminal company.

In view of our holding on this question, it is unnecessary that we consider other errors argued by appellant.

For the error pointed out, the judgment of the district court must be, and it is,—*Reversed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.