FRANK GALLOWAY, Appellee, v. E. H. HOBSON; Appellant.

JUNE 26, 1928.

REHEARING DENIED SEPTEMBER 28, 1928.

508

*George H. Mayne* and *A. G. Kistle*, for appellant.

*Charles Roe* and *Preston & Dillinger,* for appellee.

DE GRAFF, J.—The essential issue in this case is sharply definable. The question is whether the pleaded fraud should have been submitted to the jury. This is an action to recover on a promissory note. The instant plaintiff is not a holder in due course, nor is it claimed that he so classifies, under the definition in the Negotiable Instruments Act. Plaintiff is a transferee only of the note.

The controlling proposition may be stated in another form: Is the defendant (appellant) not now legally privileged to litigate the pleaded fraud by reason of the terms of the compromise and settlement agreed upon between the defendant and the Farmers Mortgage Company, the original wrongdoer, which was the payee named in the note in suit?

In order to make intelligible the essential proposition involved herein, the facts should be briefly stated. The defendant Hobson (appellant), on March 30, 1920, executed and delivered to the Farmers Mortgage Company the note in suit, payable on or before six months after date, with interest at 7 per cent per annum. There was also executed and delivered a companion note for $3,937.50. These two notes, together with United States Liberty Bonds in the sum of $1,100, represented the purchase price of 75 shares of capital stock of the Farmers Mortgage Company. The first note is known in this record as the "30 per cent note," and the second as the "70 per cent note."

Shortly after the execution of the note in suit, it was transferred to the Macedonia State Bank, of Macedonia, Iowa, by the following indorsement: "Farmers Mortgage Company without recourse, by E. H. Nathan." The record discloses that Nathan was one of the high-pressure salesmen of the payee-company, but his authority to indorse is not otherwise shown.

On January 18, 1921, the bank commenced suit on this note.

In August, 1923 (during the pendency of the Macedonia bank suit to recover), the note in suit was transferred to the plaintiff herein, and on September 19, 1925, the instant action was commenced.

The defendant (maker of said note) first filed a plea in bar to plaintiff's petition in the case at bar, in which it is alleged that the plaintiff Galloway is barred from prosecuting the action by reason of a former adjudication thereof, and, as a basis for said plea, stated that, prior to January 18, 1921, the Macedonia State Bank was the owner and holder of the note in suit; that, on said date (January 18, 1921), suit was commenced in the said district court upon said note by the said bank against E. H. Hobson, maker of said note; that issues were joined in said action; and that on September 25, 1923, an order was entered in said court, dismissing said cause at plaintiff's cost, subject to reinstatement on satisfactory showing on or before noon of the second day of April, 1924, term of the court; that no showing was made by said plaintiff for the reinstatement of said action within the time fixed in said order or thereafter; and that the judgment entered against plaintiff (Macedonia State Bank) constitutes a final judgment in said action, and an adjudication; that the said plaintiff in said action and its assignee, the plaintiff herein, are thereby fully barred from prosecuting this action.

The instant plaintiff filed reply to the plea in bar, alleging that, under the statute (Section 11562, Code of 1924), such order of dismissal was without prejudice to the bringing of another action on the note sued upon in said action, and that said order of dismissal was not an adjudication on the merits of said cause. The court dismissed the plea in bar. The trial court correctly ruled the plea. The statute provides that an action may be dismissed, and such dismissal shall be without prejudice to a future action:

"(2) By the court, when the plaintiff fails to appear when the case is called for trial * * * (5) By the court, for disobedience by the party of an order concerning the pleadings or any proceeding in the action." Section 11562, Code of 1924.

It is obvious that the intent of the statute is to impose upon

a plaintiff in default for want of appearance at the time of trial no other penalty than the dismissal of his action with costs, and that the dismissal is without prejudice. See *Stewart v. Gorham*, 122 Iowa 669; *Citizens Bank v. Whinery Bros.*, 110 Iowa 390.

On April 30, 1926, the instant defendant filed his answer, wherein he pleads (1) a general denial, (2) fraud in the inception of the note, (3) repleading his plea in bar, and (4) counter-claim for damages on the pleaded fraud. In reply, the plaintiff pleaded the action for a rescission on the part of the defendant against the Farmers Mortgage Company, and the compromise and settlement between the defendant and the Farmers Mortgage Company, predicating the claim and theory that such rescission and settlement precluded the defendant from asserting the defense of fraud in this action. It is at this point that the serious controversy begins.

What was the compromise and settlement between defendant and the Farmers Mortgage Company? The record discloses that, after the Macedonia State Bank commenced action on the note in suit in January, 1921, as stated above, the defendant Hobson caused a notice to be served of a suit against the Farmers Mortgage Company to rescind his subscription contract and to recover possession of the Liberty bonds in the amount of $1,100 and the two notes, which items were delivered to the company through its agent Nathan at the time of the purchase by Hobson of the certificates of stock. The action in rescission proceeded no further than the service of the original notice, for the reason that, within a few days thereafter, an agreement of settlement was entered into between the Farmers Mortgage Company and Hobson (purchaser), whereby Hobson "was to get back the note in suit and the 70 per cent note and the $1,100 in Liberty bonds."

It is obvious, from the record, that the mortgage company at this time was not in possession of the 30 per cent note, and therefore the company was not in a position to fulfill its agreement with Hobson. In fact, the only item turned back to Hobson was the 70 per cent note. Shortly after this time, the Farmers Mortgage Company was forced into the hands of a receiver, and afterward adjudged bankrupt.

As pointed out, the instant plaintiff does not plead or prove

that he is a holder in due course, but is a mere transferee. Under the facts, plaintiff is in no position to claim any rights other than those of a transferee. Consequently, plaintiff stands in the shoes of the original holder of the note in suit. In passing, it may be stated that plaintiff was, at all times material to this case, the president of the Macedonia State Bank, and took the note in suit from said bank in settlement of his difficulties and disputes with the bank prior to his resignation as president. In fact, he secured possession of this note during the pendency of the action commenced by the Macedonia State Bank against Hobson, the maker of said note, wherein the bank sought to recover thereon.

It may be further observed that, in the settlement between the mortgage company and Hobson, it was not stipulated and agreed that Hobson (plaintiff in the rescission action) should pay the note and have compensation by way of damages, deduction, or otherwise, but it was stipulated and agreed that the note should be surrendered. The record does not disclose whether Hobson knew or did not know, at the time of the agreed settlement, that the instant plaintiff was then the holder of the note. It is a disputed fact whether or not Galloway (appellee herein) was present at the conference between the parties when the agreement of settlement was made. The settlement did not recognize or affirm the validity of the note, and therefore the note retains its original status as voidable; and, as between the parties, so far as they could, the note was voided. The plaintiff, as transferee, has no greater or superior rights in the note than the payee originally had.

There is another phase of this case that stands out boldly as a controlling consideration. Although there was an agreement of settlement between the original wrongdoer and Hobson, there was no actual performance thereof and consequent *satisfaction*. The doctrine of accord and satisfaction not only calls for an accord, but a satisfaction, as well. If the injured party, under such circumstances, has received full restitution, he can have no further grievance. In other words, if the original wrongdoer pays the injured party the equivalent of his loss, the latter has no further complaint against anyone. On the contrary, if the original wrongdoer only promises to pay, such

promise is not, of itself, a compensation or satisfaction. There must be a performance of the promise, before it can be pleaded as a satisfaction of the injury. It may be conceded that the victim of a fraud-induced promissory note in the purchase of corporation stock who makes settlement with and receives satisfaction from the original wrongdoer for his fraudulent act, is thereby precluded from relitigating such question of fraud in an action against him by a transferee of the note. This legal statement, however, does not find its major premise under the facts in the instant case. The decision in *Farmers Sav. Bank v. Friar,* 199 Iowa 885, is distinguishable on the facts from the case at bar.

The trial court was in error in sustaining the motion of the plaintiff for a directed verdict upon conclusion of all the testimony. Wherefore, the judgment entered is—*Reversed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.