HAROLD L. BOYD, Appellee, v. HEINRICH CHRISTIANSEN et al., Appellants.

No. 45235.

2

SEPTEMBER 17, 1940.

REHEARING DENIED DECEMBER 13, 1940.

C. H. Van Law, for appellants.

Clarence Nichols, for appellee.

OLIVER, J.—This action in equity was instituted June 6, 1935, on a $4,500 note of defendants, made in 1927, and due December 1, 1931, and a mortgage on 43 acres of farm land given to secure said note. The original mortgagees were one Siemsen and wife, from whom plaintiff alleged the note and mortgage were assigned and transferred to one Soltau and wife, and by said parties assigned and transferred to Dean P. Thomas, who thereafter assigned and transferred the same to plaintiff.

Defendants filed answer on November 15, 1937, and on March 20, 1939, amendment to answer. Thereafter plaintiff moved to strike various portions of said answer as amended, which motion was largely sustained by the court on October 24, 1939. Trial to the court, in November 1939, resulted in decree

for judgment against defendants on the note and foreclosure of the mortgage. Defendants have appealed.

■ I. Stricken by the court from the original answer were certain general allegations of lack of consideration and failure of consideration of the note and mortgage and of each assignment and transfer thereof. Without discussing these allegations in detail it may be said each of them is pleaded as a legal conclusion without any allegation of fact upon which the conclusion is based. Therefore, they were properly stricken. Benton v. Morningside College, 202 Iowa 15, 21, 209 N. W. 516, 519. In the same category is a stricken general allegation that the transfers from Siemsen to the Soltaus were obtained fraudulently. It may be noted that there is retained in the original answer a general denial, a denial that plaintiff owns the mortgage, a denial that Siemsen transferred it to the Soltaus and a charge that each of the transfers was part of a plan to defraud Siemsen of his ownership of said note and mortgage.

■ In the amendment to answer defendants allege they executed the mortgage to the Siemsens to secure the unpaid balance of the purchase price of said real estate, that the validity of the Siemsen assignment is uncertain and that plaintiff is not the owner and holder of the note and mortgage in suit.

The afore-mentioned portions of the answer have no direct relation to the real controversy in this case and appear to be somewhat afield from it. In the trial defendants introduced no evidence attacking the validity of the Siemsen assignment and the record was undisputed that plaintiff was the owner and holder of the note and mortgage in question.

■ II. The principal defense sought to be established by defendants is based upon the following circumstances: In March 1934, defendants had secured tentative approval from the Federal Land Bank of Omaha for a Federal Land Bank mortgage and a commissioner's loan, aggregating $4,200, conditioned that the proceeds of both loans pay in full all of their indebtedness and that defendants secure a legal right of way to the land. September 12, 1934, the Soltaus, who then owned the mortgage, executed a unilateral consent agreement reciting that they, having been advised the defendants had made application to the Federal Land Bank for a loan upon the premises, "do hereby

consent and agree to receive and accept in full payment, accord and satisfaction for said mortgage and interest accrued thereon the sum of $3500.00, and further agree and consent to accept in lieu of cash the bonds issued by said Federal Land Bank of Omaha of the face amount of $3500.00'', upon delivery of which the satisfaction of mortgage may be delivered. At that time the mortgage was past due and there was owing thereon the sum of $4,500 principal plus delinquent interest. On April 16, 1935, the Soltaus transferred and assigned the note and mortgage to Dean P. Thomas for a consideration of $3,500. Thomas, in turn, assigned and transferred said instruments to plaintiff on May 8, 1935, and the petition in foreclosure was filed June 6, 1935. The suit was continued until 1939, apparently under the moratorium acts.

In their amendment to answer, filed March 20, 1939, defendants set up the agreement of the Soltaus to accept $3,500 in settlement of the mortgage and note, alleging in substance that defendants had in good faith secured the allowance of a loan from the Federal Land Bank and had incurred expenses for procuring abstracts of title, and had attempted to secure the required right of way to said land; that delays were encountered and condemnation proceedings required to secure said right of way; that the owners of the right of way appealed the condemnation proceedings to district court and in said appeal and previous negotiations were represented by the legal firm of which Dean P. Thomas was a member, which firm also instituted this action for plaintiff; that defendants did finally secure and pay for the same and have proceeded with all expedition possible to secure said right of way and conform to the requisites preliminary to the consummation of said settlement and adjustment; that defendants have been willing at all times to proceed in the performance of the terms of said written agreement and have at no time refused such performance and that the Soltaus and the assignees of said mortgage and note are bound by the terms and conditions of said agreement; that the foreclosure action is in violation of their rights and equities under the agreement entered into in substitution of the mortgage whereby said note and mortgage are superseded and subordi-

nated, and that plaintiff is barred and estopped from the prosecution of this action.

Plaintiff's motion to strike assailed the foregoing portion of the amendment to answer on the ground that the alleged contract shows upon its face it was merely an offer to accept settlement with which defendants failed to comply; that the amendment failed to allege facts constituting a defense to the action; failed to allege that any accord, alleged therein to have been offered or agreed upon, was in fact satisfied or performed; failed to allege facts sufficient to show any novation whereby the cause of action had been settled or discharged; alleged only unsuccessful efforts to effect a compromise and settlement and failed to allege settlement, satisfaction or discharge thereof.

The trial court sustained the motion to strike said portions of the amendment.

In considering this ruling, it should be noted that the only agreement relied upon in said amendment was the afore-mentioned written consent to accept $3,500. This was a unilateral contract executed by the Soltaus alone. The defendants did not join in executing this agreement, nor does the amendment allege that the defendants made any other agreement, written or oral, with the Soltaus by which defendants bound themselves to make said payment. Defendants do not allege they carried out and performed the contract in accordance with the written consent. The amendment, filed nearly 5 years after the date of the offer, states only that defendants have proceeded to secure the loan (which was a prerequisite to performance on their part), have never refused to perform the agreement and have been willing at all times to proceed in the performance thereof. However, the amendment does not state that the loan from the land bank was ever secured or that defendants were ready and able to perform. Nor does it tender performance.

The situation is quite different than that in First Trust Joint Stock Land Bank v. Hanlon, 223 Iowa 440, 273 N. W. 114. In that case the bonds and money were actually delivered to the mortgagee.

In the case at bar defendants contend the consent to accept $3,500 in satisfaction constituted a new obligation which superseded the original note and mortgage and that its ef-

fectiveness did not depend upon performance of the new contract. However, the amendment falls short of alleging a substituted contract or a novation if for no other reason than that defendants made no promise or agreement to make the payment which the Soltaus agreed to accept. Obviously, without an agreement on the part of defendants, there was no obligation on their part which could supersede or be substituted for their original contract. Furthermore, the written consent states that delivery of the mortgage satisfaction shall be made when $3,500 in bonds are available for delivery, thus definitely providing that the mortgage should remain in effect until such delivery.

If the written consent be regarded as an "accord", it is clear no "satisfaction" was alleged. It has been frequently held that a promise without execution or performance is not a satisfaction unless by express agreement it had this effect. Graham v. Crisman, 169 Iowa 91, 95, 146 N. W. 756, 757; Wheeler v. Woods, 205 Iowa 1240, 1245, 219 N. W. 407, 409; Hughes v. National Equipment Corp., 216 Iowa 1000, 1009, 250 N. W. 154, 158; Galloway v. Hobson, 206 Iowa 507, 511, 220 N. W. 74, 76; Sawyer v. Hawthorne, 167 Iowa 410, 417, 149 N. W. 512, 515, 1 C. J. S. 543.

In an article in 24 Iowa Law Review, page 697, Judge Henry N. Graven states that the rule that an executory accord is not a defense grew out of a technical and outmoded rule of common law pleading, which later took on the appearance of a rule of substantive law. Criticizing the basis of many of the decisions which apply said rule, the article points out that in most of the Iowa cases which appear to be based upon it there is some defect in the agreement which by independent and substantive rules of law prevents it being a contract binding the creditor and that the same result could have been reached upon a better basis by founding the decisions upon the substantive law of contracts. Judge Graven suggests that the trend of judicial holdings is in the direction of basing decisions in such cases upon the substantive law of contracts rather than upon the technical rule.

However, it is unnecessary that we discuss the criticized rule or base this decision upon it. We are here considering an

executory unilateral contract. The rule of substantive law governing this situation is correctly stated at page 705 of Judge Graven's article as follows:

"An 'executory unilateral accord' is as a matter of fact nothing more than an offer to enter a contract; it is by its very nature no defense to the debtor. A 'unilateral accord' could never be the basis for a separate action brought by the debtor for it is not a contract."

Therefore, the defense set up in the amendment to answer was without legal force or standing and was properly stricken by the trial court.

That the same attorneys who instituted this suit also represented the owner of the land sought by defendants for right of way would not affect the rights of either of their clients. It is interesting to note there was no charge of conspiracy or fraud in this connection.

Under the record in this case plaintiff was entitled to judgment and foreclosure of the mortgage. Wherefore, the decree of the trial court is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.